Leland STUMP and Sue Carol Stump, (Plaintiffs Below)

v.

COMMERCIAL UNION, (Defendant Below).

No. 02S00-9203-CQ-169.

Supreme Court of Indiana.

Oct. 19, 1992.

Ronald E. James, Jack E. Morris, Benson, Pantello, Morris & James, Fort Wayne, for plaintiffs.

John D. Walda, David R. Steiner, Barrett & McNagny, Fort Wayne, for defendant.

William Groth, Fillenwarth Dennerline Groth & Towe, Indianapolis, for amicus curiae Indiana State AFL–CIO.

Richard J. Swanson, Segal and Macey, Indianapolis, for amicus curiae Intern. Union, UAW.

David Hollenbeck, Blachly, Tabor, Bozik & Hartman, Valparaiso, for amicus curiae Ind. Trial Lawyers Ass'n.

DICKSON, Justice.

This cause comes to us as a certified question from the United States District Court, Northern District of Indiana, Fort Wayne Division, pursuant to Appellate Rule 15(O) which allows certification of questions of Indiana law for instruction by this Court. By previous order, we accepted the following question:

> Does Indiana law permit a cause of action by an injured employee against an employer's worker's compensation carrier for that carrier's actions during its processing and handling of the worker's compensation claim under any or all of the following circumstances, or are all or some of such actions precluded by the exclusive remedy provisions of the Indiana Worker's Compensation Act, Ind. Code 22–3–2–6:
>
> (a) The carrier's actions were tortious such as gross negligence, intentional infliction of emotional distress, and constructive fraud.
>
> (b) The carrier's actions breached its duty to act in good faith and engage in fair dealings with the injured employee.
>
> (c) The carrier's actions breached a fiduciary obligation owing to the injured employee.
>
> (d) The carrier engaged in intentional conduct to deprive the injured worker of the rights to which the worker is entitled under the Act.

The parties and amici curiae have since provided briefs supporting their respective positions.

In proceedings before the federal District Court prior to its submission of the certified question,[1] the court denied the defendants' first motion for summary judgment, *Stump v. Crawford & Co.* (N.D.Ind. 1989), 726 F.Supp. 228, and, in an unpublished decision, denied a second motion for summary judgment filed by the Commercial Union directed at plaintiffs' second amended complaint. The order of certification presents the following reasons for denial of summary judgment:

> The court reasoned that Mr. Stump's claims against the defendant did not arise out of Mr. Stump's employment, but rather arose as the result of the intentional bad acts of the defendant, and thus the industrial board could offer no remedy to Mr. Stump. Consequently, this court found that the defendant's argument that the plaintiff's claims were precluded by the Worker's Compensation Act was erroneous as the Act clearly was not meant to provide a license to insurance companies to willfully further injure employees who have been initially injured in the course of their employment.

Order of Certification at p. 7. However, because of the apparent inconsistency between Judge Lee's decisions in this case and the subsequent decision of Judge Lozano in *Dietrich v. Liberty Mut. Ins. Co.* (N.D.Ind.1991), 759 F.Supp. 467, and the absence of controlling Indiana Supreme Court precedent, the District Court has sought our instruction "as to what type of causes of action Indiana law will permit against a worker's compensation insurance carrier arising out of its dealing with an injured worker and the processing of the worker's compensation claim." Order of Certification at p. 8.

---

**1.** Although not determinative to our resolution of the questions presented, it may be helpful to outline the underlying facts which give rise to the certified question. Plaintiff Leland Stump was an employee of Hitzfield Excavating Company which was insured for worker's compensation by the defendant Commercial Union. As a result of an industrial accident in the course of his employment, Stump suffered amputation of both legs. Commercial Union hired Crawford & Company to coordinate any medical services and benefits due and owing under the worker's compensation policy. Although needing special care and exercise, Stump left the hospital upon assurances from the defendant's representative that Stump would be provided with outpatient therapy, including physical and occupational therapy, medical supplies, transportation, ramps, grab bars, and compensation for Carol Sue Stump, his wife, to enable her to quit her job and provide home health care. The Stumps' second amended complaint seeks damages for injuries and losses resulting from the refusal and delay in providing these items and services, from inaccurate medical reports drafted to deprive him of worker's compensation benefits, and from denial of access to timely physical therapy which caused his inability to be fitted with a permanent prosthesis.

■ As to each of the enumerated circumstances (a) through (d) of the certified question, we are asked whether Indiana law permits such cause of action notwithstanding the exclusive remedy provision, Ind.Code § 22–3–2–6, which provides:

The rights and remedies granted to an employee subject to [Ind.Code §] 22–3–2 through [Ind.Code §] 22–3–6 on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, the employee's personal representatives, dependents or next of kin, at common law or otherwise, on account of such injury or death, except for remedies available under [Ind. Code §] 12–18–6.[2]

The right of an injured employee to assert an action for damages against a person other than the employer or a fellow employee[3] is expressly recognized in Ind. Code § 22–3–2–13. Indiana courts have consistently held that the exclusive remedy provision does not apply to bar the right of an employee to assert actions against third parties. *Seaton v. U.S. Rubber Co.* (1945), 223 Ind. 404, 61 N.E.2d 177; *Thiellen v. Graves* (1988), Ind.App., 530 N.E.2d 765; *Rosander v. Copco Steel & Eng'g Co.* (1982), Ind.App., 429 N.E.2d 990; *Jackson v. Gibson* (1980), Ind.App., 409 N.E.2d 1236; *Artificial Ice and Cold Storage Co. v. Waltz* (1925), 86 Ind.App. 534, 146 N.E. 826.

The applicability of the exclusive remedy provision was cogently addressed in *Baker v. American States Ins. Co.* (1981), Ind. App., 428 N.E.2d 1342. In *Baker*, an employee sought damages against his employer's worker's compensation insurance carrier for harm allegedly suffered as the result of knowing misrepresentations made by the insurer's adjusters in an attempt to settle the employee's claim for less than the amount to which he was entitled. The court stated that:

... [Ind.Code §] 22–3–2–6 speaks to personal injury or death by accident on the job, but it does not purport to prohibit actions by an employee against his employer's workmen's compensation insurance carrier for fraudulent misrepresentations made while the employee and the insurer are attempting to settle the claim.... [T]he alleged fraudulent misrepresentation ... is not the kind of harm for which the Workmen's Compensation Act was calculated to compensate.... The alleged fraudulent misrepresentation did not arise "out of and in the course of the employment...." (Citations omitted.) Instead, it arose after Baker had been temporarily but totally disabled from working for a period of time. If Baker's allegations regarding the behavior of the adjusters for American States prove to be true, then it is in the public interest of this state to discourage such activities and to compensate the victim for resulting injury. We hold that the Workmen's Compensation Act does not preclude Baker's suit for damages, except to the extent that he claims attorney's fees as an element of damages.[4]

*Id.* at 1347.

■ Commercial Union argues that, except for the limited circumstances where the carrier has made fraudulent misrepresentations as occurred in *Baker*, there is no other exception under the exclusive remedy provision for a direct action by an employee against the worker's compensation insurer, citing *Indiana Univ. Hospitals v. Carter* (1983), Ind.App., 456 N.E.2d 1051. We disagree. In *Carter*, the plaintiff, a part-time employee of the defendant hospital, was

---

**2.** The remedies referred to under Ind.Code § 12–18–6 involve compensation for victims of violent crimes under the Indiana Victim Compensation Act.

**3.** An employee may have a separate cause of action against a fellow employee for injuries which arise outside the fellow employee's employment. *Fields v. Cummins Employees Fed. Credit Union* (1989), Ind.App., 540 N.E.2d 631,

637–38; *Martin v. Powell* (1985), Ind.App., 477 N.E.2d 943.

**4.** Because Ind.Code § 22–3–4–12 includes a provision for an award by the Board of attorney's fees where the employer or its insurer is guilty of bad faith in adjusting and settling an award, the court in *Baker* held that attorney's fees were not recoverable in the separate court action. *Id.* at 1347.

assaulted in the hospital lounge prior to the start of her workshift. After agreeing to an award of worker's compensation benefits, Carter filed a negligence action against the hospital seeking damages for the hospital's failure to maintain a safe place for business invitees. Commercial Union appears to find support from the following passage under *Carter:*

> Ordinarily, when a party files a workmen's compensation claim which is thereafter approved by the Full Industrial Board, such action represents a valid and binding election to receive workmen's compensation benefits as the claimant's sole and exclusive remedy against the employer. (Citations omitted.) *One exception exists.* A party to a workmen's compensation agreement can challenge the validity of that agreement in an independent tort action for fraud. (Citations omitted.)

*Id.* at 1057 (emphasis added). The *Carter* court did not hold that *"only* one exception exists." Rather, it noted that by her agreement to receive worker's compensation benefits from the hospital, the plaintiff agreed that the incident arose out of and in the course of her employment. It was this which precluded her from bringing a separate action against her employer. *Carter* did not involve a claim for subsequent, additional injuries proximately caused by the conduct of the worker's compensation insurance carrier. It does not limit the application of the rationale in *Baker.*

In *Dietrich,* 759 F.Supp. 467, the Northern District of Indiana decision in apparent conflict with the summary judgment decisions in the present case, the court reasoned that because a worker's compensation insurance carrier's duty to deal in good faith, and any duty as a fiduciary, necessarily arises out of the course of the employment, any breach of such duties therefore falls within the exclusive remedy provision and must be adjudicated before the Worker's Compensation Board. *Id.* at 470. However, the decision does not apply the interpretation and application of the exclusive remedy provision established in *Baker,* 428 N.E.2d 1342, nor does it address whether the claimed injuries were caused by the original employment accident or by the subsequent conduct of the insurance carrier.

■ The exclusive remedy provision precludes separate actions for employee injuries only when the injury or death (a) occurs by accident, (b) arises out of employment, and (c) arises in the course of employment. *Evans v. Yankeetown Dock Corp.* (1986), Ind., 491 N.E.2d 969, 973. Actions for employee injuries or death not meeting each of these prerequisites are not excluded and may be pursued in the courts. *Id.*

■ The relationship of the compensation insurance carrier to the employer should not afford it special immunity. Various entities may also be involved in assisting employers in fulfilling their obligations under the worker's compensation laws. Ambulance services, physicians, hospitals, pharmacies, medical device manufacturers, and others may participate in providing medical and rehabilitative care covered by worker's compensation. We find no adequate justification to absolve worker's compensation insurance carriers and other such third parties of their responsibilities in the event of additional injuries or harm proximately caused by their actionable conduct.

This view is consistent with the ideals expressed in Art. 1, § 12, of the Constitution of Indiana:

> All courts shall be open; and every person, for injury done to him and his person, property or reputation, shall have remedy by due course of law. Justice shall be administered freely and without purchase; completely, and without denial; speedily and without delay.

By limiting the application of the exclusive remedy provision to employee claims against the employer and declining to extend its protection to the worker's compensation insurance carrier, we are likewise construing the statute in a manner consistent with the purposes of the Act. The longstanding rule of this jurisdiction is that the Worker's Compensation Act should be liberally construed to effectuate the humane purposes of the Act, and that doubts

in the application of terms are to be resolved in favor of the employee. *Talas v. Correct Piping Co., Inc.* (1982), Ind., 435 N.E.2d 22, 28.

■ Because the exclusive remedy provision does not apply to prohibit an employee from asserting third-party claims against persons other than the employer, we find that the provision will not operate to preclude an employee's assertion of a cause of action against the employer's worker's compensation carrier, to the extent the action is otherwise cognizable. Remaining to be addressed is whether Indiana law will recognize a cause of action under any or all of the circumstances posed by the certified question.

*(a) Tortious Conduct Amounting To Gross Negligence, Intentional Infliction of Emotional Distress, or Constructive Fraud*

In the first itemized set of circumstances the certified question asks whether an employee may have a cause of action against an employer's worker's compensation carrier for the carrier's tortious conduct "such as gross negligence,[5] intentional infliction of emotional distress, or constructive fraud."

■ One of the requisite elements constituting the tort of negligence is a duty on the part of the defendant to conform his conduct to the standard of care required by his relationship to the plaintiff. *Cowe v. Forum Group, Inc.* (1991), Ind., 575 N.E.2d 630, 636; *Webb v. Jarvis* (1991), Ind., 575 N.E.2d 992, 995. Such duty of care will be found by the courts where reasonable persons would recognize it and agree that it exists. *Cowe*, 575 N.E.2d at 636; *Gariup Constr. Co., Inc. v. Foster* (1988), Ind., 519 N.E.2d 1224, 1227. In *Webb*, this determination involved the balancing of three factors: a) the relationship between the parties, b) the reasonable foreseeability of harm to the person injured, and c) public policy concerns. *Webb*, 575

N.E.2d at 995. This method of analysis is likewise useful in resolving the present questions.

■ The relationship between an injured employee and the worker's compensation insurance carrier is not one of strangers. Nor is it one of equal bargaining power. A disabled worker must look to the carrier for access to medical treatment. The employer (and thus its compensation insurer) is generally granted significant exclusive control over the provision of medical care under the Worker's Compensation Act. Ind.Code § 22–3–3–4; *see Richmond State Hosp. v. Waldren* (1983), Ind.App., 446 N.E.2d 1333, 1336 ("employee generally is not free to elect, at the employer's expense, additional treatment or other physicians than those tendered by the employer"). With regard to the foreseeability of harm, the more a compensation insurer's conduct involves the likelihood of injury, the greater the justification for recognizing a legal duty. Finally, public policy considerations further augment the relationship and foreseeability factors, particularly in view of the strong Indiana policy value embodied in the previously noted constitutional right to remedy by due course of law. We conclude that Indiana law will recognize that an injured employee may assert a cause of action against the worker's compensation insurance carrier for injuries caused by the gross negligence of the carrier.

■ Likewise, Indiana law will recognize a cause of action for intentional infliction of emotional distress.

It is the intent to harm one emotionally that constitutes the basis for the tort of an intentional infliction of emotional distress. We hold that under proper circumstances, liability will attach to a defendant for an intentional infliction of emotional distress, . . . .

*Cullison v. Medley* (1991), Ind., 570 N.E.2d 27, 31. Under appropriate circumstances, therefore, an employee may assert a cause of action against a worker's compensation

---

**5.** Black's Law Dictionary at 931 (5th Ed.1979) generally defines the term "gross negligence" as the "intentional failure" to perform a duty "in reckless disregard of the consequences as affecting the life or property of another." We shall assume this meaning in responding to the certified question.

carrier for intentional infliction of emotional distress.

 Constructive fraud may be the basis for a cause of action. *Swain v. Swain* (1991), Ind.App., 576 N.E.2d 1281; *Scott v. Bodor* (1991), Ind.App., 571 N.E.2d 313. Actions for constructive fraud have been recognized when brought by an automobile accident personal injury claimant against a tortfeasor's liability insurance carrier. *McDaniel v. Shepherd* (1991), Ind. App., 577 N.E.2d 239. An injured employee should likewise be entitled to assert an action for constructive fraud against the employer's worker's compensation carrier under appropriate factual circumstances.

Under Indiana law, an injured employee may bring a cause of action against an employer's worker's compensation carrier for tortious conduct such as to constitute gross negligence, intentional infliction of emotional distress, or constructive fraud.

*(b) Breach of Duty to Act in Good Faith and Engage in Fair Dealings*

 The certified question next seeks instruction as to whether an employee may have a cause of action against the worker's compensation carrier for breach of duty to act in good faith and engage in fair dealings with the injured employee.

Indiana has long recognized that there is a legal duty implied in an insurance contract that the insurer must deal in good faith with its insured. *Wedzeb Enter. v. Aetna Life & Casualty Co.* (1991), Ind. App., 570 N.E.2d 60; *Liberty Mut. Ins. Co. v. Parkinson* (1985), Ind.App., 487 N.E.2d 162, *reh'g denied* (1986), 491 N.E.2d 229. However, under liability insurance principles, an adverse claimant is not an insured party under the contract. The briefs of the parties and amici have cited no Indiana case imposing upon an insurer a duty of good faith and fair dealings as to its conduct with an adverse claimant.

In contrast, the relationship of the worker's compensation insurer to the injured employee is affected by statute. Under the Worker's Compensation Act, an employer may be subjected to payment of the employee's attorney fees for bad faith in adjusting and settling or for failure to pursue settlement with diligence.

> [P]rovided, that whenever the industrial board shall determine upon hearing of a claim that the employer has acted in bad faith in adjusting and settling said award, or whenever the industrial board shall determine upon hearing of a claim that the employer has not pursued the settlement of said claim with diligence, then the board shall, if compensation be awarded, fix the amount of the claimant's attorneys fees and such attorney fees shall be paid to the attorney and shall not be charged against the award to the claimant.

Ind.Code § 22–3–4–12. As noted in *Baker*, 428 N.E.2d at 1346, this provision is binding upon the employer's compensation carrier by virtue of Ind.Code § 22–3–6–1(a), which states that, for the purposes of the Act, the term "employer" includes the employer's insurer where applicable.

These statutory provisions are the exclusive remedy for attorney fees where the employer or insurer is guilty of bad faith in adjusting or settling. *Id.* at 1347. However, *Baker* expressly also observes:

> The proviso of [Ind.Code §] 22–3–4–12 does not purport to be the exclusive remedy for *all* injuries suffered as a result of bad faith in adjusting and settling an award—only for attorney's fees incurred.

*Id.* (emphasis in original). We disagree. While the Act imposes upon worker's compensation insurance carriers the statutory duties of good faith and diligence in adjusting and settling claims, it does not authorize separate recourse to the courts in the event these duties are breached. Rather, the remedy for such remains within the exclusive authority of the board.

*(c) Breach of Fiduciary Obligation*

 We determine that Indiana does not recognize an injured employee's action against the worker's compensation carrier for conduct constituting a breach of fiduciary obligation.

 There is no fiduciary relationship between a tortfeasor's liability insurer and

a claimant, even when the claimant is also insured by the same insurer under a separate, unrelated insurance policy. *Winchell v. Aetna Life & Casualty Ins. Co.* (1979), 182 Ind.App. 261, 394 N.E.2d 1114. We find no adequate basis to distinguish and treat otherwise the duty of a worker's compensation insurer toward its claimant, the injured employee. The limited duties imposed upon worker's compensation insurance carriers by the Worker's Compensation Act are not equivalent to the obligations of a fiduciary.

The Stumps argue that because of the statutory power of the employer and its compensation carrier to determine the medical treatment available to an injured employee, equity should create a constructive trust under which the carrier acts in a fiduciary capacity. We disagree. The carrier's contractual obligation is to its policyholder, the employer, to the extent of the employer's statutory obligations under the Worker's Compensation Act. This does not give rise to a fiduciary duty to the employee.

Indiana law does not recognize any fiduciary obligation owed by a worker's compensation insurer to a claimant employee.

### (d) Intentional Deprivation of Statutory Rights

The certified question concludes by seeking instruction as to whether an employee may maintain a cause of action against the worker's compensation carrier for intentional conduct to deprive the injured worker of rights under the Worker's Compensation Act.

We fail to perceive any circumstances in which such intentional conduct could occur without the employee being entitled to an adequate legal remedy in an action for actual fraud or for tortious conduct amounting to gross negligence, intentional infliction of emotional distress, or constructive fraud, as discussed above. Until presented with factual circumstances demonstrating the inadequacy of existing remedies, we decline to consider whether such a cause of action should be permitted.

### Conclusion

In response to the certified question, we advise that Indiana law will permit a cause of action by an injured employee against a worker's compensation insurance carrier for injuries proximately caused by the insurance carrier's tortious conduct such as gross negligence, intentional infliction of emotional distress, and constructive fraud. The exclusive remedy provisions of the Indiana Worker's Compensation Act, Ind. Code § 22-3-2-6, do not preclude these actions.

The Clerk of this Court will transmit this opinion to the Clerk of the United States District Court, Northern District of Indiana, Fort Wayne Division.

SHEPARD, C.J., and DeBRULER, GIVAN and KRAHULIK, JJ., concur.