**ITT HARTFORD INSURANCE GROUP,**
Appellant–Defendant,

v.

**Jon Robert TROWBRIDGE,**
Appellee–Plaintiff.

**No. 63A05–9306–CV–224.**[1]

Court of Appeals of Indiana,
First District.

Dec. 29, 1993.

Rehearing Denied March 28, 1994.

1. This case was diverted to this office on November 29, 1993, by order of the Chief Judge.

Diane L. Parsons, Kevin C. Schiferl, Locke Reynolds Boyd & Weisell, Indianapolis, for appellant-defendant.

Bruce A. Smith, Washington, for appellee-plaintiff.

BAKER, Judge.

Today we decide a question of first impression: whether an employee may commence a civil action against his employer's worker's compensation carrier before the worker's compensation board makes a final decision on the employee's claim for benefits.

Appellant-defendant ITT Hartford Insurance Group (ITT) filed this certified interlocutory appeal challenging the denial of its motion to dismiss appellee-plaintiff Jon Robert Trowbridge's amended complaint.

## FACTS

While working at the Ponderosa Steakhouse in Washington, Indiana, on September 22, 1989, Trowbridge slipped on grease and injured his left ankle. ITT was Ponderosa's worker's compensation insurer. On December 12, 1989, the worker's compensation board approved a compensation agreement among the parties for payment of temporary total disability benefits. Later, ITT discovered that Trowbridge had pre-existing ankle problems. So, doubting the causal relation of his accident at Ponderosa, ITT terminated Trowbridge's benefits on May 15, 1990. Trowbridge responded by filing an application for adjustment of his worker's compensation claim on May 22, 1990.

On April 10, 1991, Trowbridge filed suit against ITT alleging it "intentionally, willfully, fraudulently, and without just cause refused and failed to provide any further worker compensation benefits." Record at 9. His amended complaint added legal theories for recovery, including intentional infliction of emotional distress, constructive fraud, actionable fraud, and intentional deprivation of Trowbridge's statutory rights. ITT sought dismissal claiming that the action was premature, that Trowbridge failed to exhaust administrative remedies, and that the pending worker's compensation claim was outcome determinative of the

civil action, pursuant to Ind.Trial Rule 12(B)(8).

In the trial court's order denying dismissal, it stated that all discovery matters had been excluded in the court's consideration to determine whether to dismiss the complaint pursuant to Ind.Trial Rule 12(B)(6). The trial court denied dismissal based upon *Stump v. Commercial Union* (1992), Ind., 601 N.E.2d 327. ITT filed this interlocutory appeal to challenge the denial of its motion to dismiss.

## DISCUSSION AND DECISION

■ Initially, we agree with ITT that the trial court mistakenly reviewed its motion as one under T.R. 12(B)(6). When ruling on such a motion, the trial court must limit its review to the face of the pleadings. *Schlosser v. Bank of Western Indiana* (1992), Ind.App., 589 N.E.2d 1176, 1178. In entering its order following a hearing, the trial court compared the amended complaint to the pending worker's compensation claim, which was not in the pleadings. Since the trial court examined material outside the pleadings, ITT's motion automatically converted to one for summary judgment. *Id.;* T.R. 12(B)(8).

■ We review a motion for summary judgment in the same manner as would the trial court. *Id.* Summary judgment is appropriate when the designated materials show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Id.;* Ind.Trial Rule 56(C). ITT contests the trial court's application of the law.

In rejecting each of ITT's theories for dismissal, the trial court relied primarily upon *Stump.* In that case, our supreme court, responding to a certified question from the United States District Court, Northern District of Indiana, held that the exclusive remedy provision in the worker's compensation statute does not preclude separate actions against the insurer for tortious conduct constituting gross negligence, intentional infliction of emotional distress, or constructive fraud. *Stump*, at 333. However, the timing of filing the civil action against the insurer was not at issue.

■ ITT's first assertion is that Trowbridge's action is premature because the worker's compensation board has not yet determined whether Trowbridge's benefits should be continued. The trial court did not consider this theory because it reviewed ITT's motion as one for dismissal instead of as one for summary judgment, and the defense cannot be raised in a motion to dismiss. *See Mattingly v. Whelden* (1982), Ind.App., 435 N.E.2d 61, 63–64. However, since we have determined that ITT's motion constituted a motion for summary judgment, we now consider whether this argument has merit.

■ A civil action is premature when it has not accrued so that the plaintiff can legally institute an action for relief. *Id.* at 63. Trowbridge's claims condemn ITT for the manner in which it dealt with and processed his worker's compensation claim. Because his suit against ITT differs from his pending worker's compensation claim against Ponderosa, Trowbridge claims his civil action is not dependent upon a successful termination of his worker's compensation claim against Ponderosa.

The fallacy of Trowbridge's argument is that in order to succeed on his civil claims, he must show that ITT intentionally failed to perform its duty, or in other words, that ITT wrongfully denied him worker's compensation benefits, to which he was entitled. *See Stump*, at 332–33. Thus, his civil action theories are inherently based upon whether he was entitled to continued benefits. Such determination may be made only by the worker's compensation board. IND.CODE 22–3–2–2 (1991) and IND. CODE 22–3–2–6 (Supp.1993). Trowbridge's civil action against ITT is premature in the absence of a determination by the worker's compensation board that ITT had a duty to continue to pay him benefits.[2]

2. During the December 16, 1993 oral argument, Trowbridge further asserted that the parties' compensation agreement of December 12, 1989, was a final resolution of ITT's duty to compensate him. We disagree. The agreement does not resolve whether benefits should be continued.

Our decision does not conflict with *Stump*, which acknowledges the types of actions Trowbridge raises. A prematurity defense does not challenge the merits of an action. *Mattingly*, at 64 (quotations omitted). Rather, it is a defense based upon the timing of the action that does not dispute the justice of the claim. *Id.* Furthermore, it does not deny the existence of the particular causes of action, and the plaintiff is free to reinstitute his suit upon maturity. Until the board finally resolves the factual issue of whether Trowbridge is entitled to continued benefits, his claims against ITT are not ripe for judicial review.

 In conclusion, we hold that an employee must demonstrate a resolution of his worker's compensation claim before he may commence a third-party action against the insurer for misconduct in handling his claim.

Because this issue is dispositive, we do not consider ITT's other arguments. We remand for the trial court to dismiss the action without prejudice.

Reversed and remanded.

ROBERTSON and HOFFMAN, JJ., concur.

