851 F.Supp. 1247 (1994)
Curtis RAYFORD, Plaintiff,
v.
LUMBERMENS MUTUAL CASUALTY COMPANY and Kemper National Insurance Companies, Defendant.
Civ. No. 1:92cv306.
United States District Court, N.D. Indiana, Fort Wayne Division.
April 28, 1994.
*1248 Jack E. Morris, Benson Pantello Morris and James, Dennis H. Geisleman, Myers and Geisleman, Fort Wayne, IN, for plaintiff.
Preston T. Breunig, Martha L. Westbrook, Buck, Berry, Landau and Breunig, P.A., Indianapolis, IN, for Lumbermens Mut. Cas. Co.
John D. Walda, Kevin K. Fitzharris, Barrett and McNagny, Fort Wayne, IN, Preston T. Breunig, Martha L. Westbrook, Buck, Berry, Landau and Breunig, P.A., Indianapolis, IN, for Kemper Nat. Ins. Companies.

ORDER
WILLIAM C. LEE, District Judge.
This matter is before the court on a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure filed by the plaintiff on March 21, 1994. Defendants responded to the motion on April 7, 1994. For the following reasons, the motion will be denied.

Discussion
On November 19, 1993, the defendants filed a "Motion for Summary Judgment for the Reason Plaintiff has Failed to State a Claim for Which Relief can be Granted." In support of their motion for summary judgment, the defendants asserted that the injury which formed the basis of plaintiff's complaint (depression and attempted suicide) arose out of his employment and, therefore, plaintiff was required to present his claim to the Worker's Compensation Board.
Plaintiff, however, contended that his case fit within the exception to the exclusive remedy provision set forth in Stump v. Commercial Union, 601 N.E.2d 327 (Ind.1992). After analyzing the Stump case and the plaintiff's case, this court granted summary judgment in favor of the defendants. Specifically, this court's order of December 30, 1993 stated that:
Before Rayford can base a federal claim on the Stump exception, he must show that the defendants had a duty to provide services to him and that it was the defendants' breach of this duty which proximately caused his injury; that is, his injury did not arise out of and in the course of his employment.
* * * * * *
The present case is clearly distinguishable from Stump because Rayford has not shown any duty or promise by the defendants to provide him with counseling services. Further, Rayford has not presented any evidence whatsoever that would tend to show that his psychological injuries were proximately caused by anything other than his industrial accident. In fact, in his deposition at page 244, Rayford admitted *1249 that the depression he felt was the result of his industrial accident.
* * * * * *
As Rayford's psychological injuries arose out [of] and in the course of his employment he can seek relief under the Worker's Compensation Act. In fact, as noted earlier, Rayford's request for psychological counseling services is presently pending before the Worker's Compensation Board. It is clear that this court cannot usurp the power of the Worker's Compensation Board to make the determination of whether Rayford is entitled to additional benefits as requested by his Application for Adjustment of Claim. An injured worker cannot simply bypass the administrative procedures of the Worker's Compensation act and elect to adjudicate his worker's compensation claim in federal court. Stump only permits an injured worker to pursue certain claims against a worker's compensation insurance carrier "in the event of additional injuries or harm proximately caused by [its] actionable conduct." 601 N.E.2d at 331. The undisputed evidence in this case overwhelmingly shows that Rayford's psychological disorders arose from and were proximately cause[d] by his industrial accident and were not proximately caused by a misrepresentation or breach of duty by the defendants.

Order of December 30, 1993 at 8, 9, 10-11 (emphasis added).
On January 12, 1994, plaintiff filed a motion to reconsider. In support of this motion, plaintiff argued that the defendants owed him a duty as a matter of law pursuant to Ind.Code § 22-3-3-4. In an order dated February 28, 1994, this court rejected plaintiff's argument, finding that § 22-3-3-4(b) and (c) limit the temporarily disabled employee's right to treatment to those treatments that the "worker's compensation board may deem reasonably necessary." As there had been no determination by the worker's compensation board that it was "reasonably necessary" that the plaintiff receive psychiatric counseling, this court held that Indiana law placed no duty on the defendants to provide such counseling. In an attempt to make itself perfectly clear, this court went on to state that:
In the absence of any evidence that the defendants had such a duty [to provide counseling services to Rayford], Rayford cannot pursue this case against the defendants. Moreover, to infer such a duty would stretch the Stump decision way beyond its intended application. Under Rayford's interpretation of Stump, an insurance carrier could be exposed to liability whenever an injured employee was unhappy or distressed at the level of care he was receiving (footnote omitted). Stump was only meant to prevent insurance carriers from hiding behind the exclusive remedy provision of the Worker's Compensation Act when their tortious acts (such as misrepresentations, refusal to provide promised services, fraudulent reporting intending to deprive the employee of benefits) causes the employee to incur injuries separate from his work-related injuries.
Order of February 28, 1994 at 10.
On March 21, 1994, plaintiff filed a Rule 60(b) motion for relief from judgment. In his brief in support of his motion Rayford cites to ITT Hartford Insurance Group v. Trowbridge, 626 N.E.2d 567 (Ind.App.1993), and states that "Trial Rule 60(B) is invoked by the Plaintiff in as much as ITT Hartford, supra clarifies that this Court does not have subject matter jurisdiction over this cause, and therefore the Court's entry of judgment is void. In the alternative, at a minimum ... the interpretation of ITT Hartford, supra is good cause justifying relief from the operation of the Court's previous Order."
First, it is clear that this court has (and always has had) subject matter jurisdiction over this case as it is a diversity case. Gonzales v. Union Carbide Corp., 580 F.Supp. 249 (N.D.Ind.1983). Second, even if the ITT Hartford decision was contrary to this court's orders, the decisions of an intermediate appellate court are not binding on this court. Commissioner of Internal Revenue v. Estate of Bosch, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967). Third, even if the ITT Hartford decision was binding on this court, it is not contrary to this court's orders. In ITT Hartford, the defendant insurance company did not challenge the merits of the plaintiff's action but merely claimed *1250 that the action was not yet ripe as there had not been a determination by the worker's compensation board that ITT had a duty to continue to pay benefits to the plaintiff.
In the present case, the defendants challenged the merits of plaintiff's action by alleging that plaintiff could not show a duty on the part of the defendants to provide psychological counseling and, further, that plaintiff could not show that his injuries were caused by anything other than the industrial accident. This court reviewed a substantial amount of evidence on these issues and determined that the plaintiff had failed to present any evidence in support of the essential elements of his claim: duty and proximate cause. Thus it is clear that this court had no choice but to grant summary judgment in favor of the defendants.
It is important to note at this point that this court is not depriving the plaintiff his "day in court" by declining to grant his motion for relief from judgment. If plaintiff's injuries are found to have arose out of his employment, he is entitled to worker's compensation benefits and those benefits are his exclusive remedy. If the worker's compensation board determines that plaintiff's injuries did not arise out of his employment, plaintiff has already had his opportunity (by way of defendants' summary judgment motion) to present evidence showing that his injuries were caused by defendants' conduct. As this court has already noted several times, plaintiff completely failed to present any evidence that his injuries arose out of anything other than his industrial accident. Plaintiff chose to litigate this claim in this court, was put to his proof by way of a motion for summary judgment, and failed to support his claims. This is the end of the matter.
If, as was the case in Stump, the worker's compensation board determines that the defendants have certain duties towards the plaintiff, and they subsequently breach any of those duties (or make misrepresentations before the Board), plaintiff may bring those new claims before this court to the extent that the defendants have engaged in tortious conduct such as gross negligence, intentional infliction of emotional distress, and constructive fraud. Consequently, there is no reason for this court to vacate its earlier orders.

Conclusion
For all the foregoing reasons, plaintiff's motion for relief from judgment is hereby DENIED.