ORDER

WILLIAM C. LEE, District Judge.
This matter is before the court on a motion to reconsider filed by plaintiff Curtis Rayford (“Rayford”) on January 12, 1994. Defendants responded to the motion on January 24, 1994. For the following reasons, Ray-ford’s motion will be denied.

Discussion

On December 30, 1993, this court entered an order granting summary judgment in favor of the defendants, Lumbermens Mutual Casualty Company (“Lumbermens”) and Kemper National Insurance Companies (“Kemper”) 840 F.Supp. 606. The background facts and legal posture of this case, as noted in this court’s earlier order, are as follows.
In his complaint, Rayford alleges that on January 25, 1992, he sustained a severe injury as a result of an industrial accident in the course of his employment at Poly-Hi, Inc, which was insured for worker’s compensation by Lumbermens and Kemper. Specifically, Rayford suffered a compound and comminut-ed fracture of his right femur which required an open reduction and, further, surgery was later performed on Rayford’s right knee. Rayford and his employer filed an “Agreement to Compensation of Employee and Employer” with the Worker’s Compensation Board on February 26, 1992. This Agreement provided that Rayford would receive compensation at the rate of $328.00 per week. This Agreement was approved by the Worker’s Compensation Board on February 27, 1992.
Rayford claims that as a result of his severe leg injury he began suffering from depression and psychological difficulties. The defendants initially voluntarily approved five counseling sessions for Rayford without requiring him to file a formal compensation claim with the Worker’s Compensation Board. At the expiration of these five sessions on July 24, 1992, the defendants terminated counseling services even though Ray-ford had been diagnosed as a suicide risk. In September of 1992 Rayford attempted suicide. During Rayford’s hospitalization following his attempted suicide, the defendants temporarily terminated Rayford’s worker’s compensation disability benefits and refused to pay for in-patient psychological services. Rayford claims that he suffered a more severe depression as a result of the defendants’ temporary termination of his worker’s compensation benefits.
In his complaint, Rayford claims that the defendants’ handling of his claim and their refusal to provide recommended psychological care resulted in his attempted suicide and other injuries. Rayford further claims that the defendants’ conduct was tortious and their refusal to pay benefits constituted gross negligence in that the defendants failed to provide psychological services and failed to undertake an adequate investigation into the need for those services and the consequences which would flow from the denial of those services. Rayford contends that the defendants’ actions were taken in reckless disregard for his life and mental health.
Rayford is seeking “compensatory damages for the psychological and physical injuries sustained, and for damage to his credit and additional stress caused by the wrongful termination of temporary total disability benefits and the refusal to provide psychological care, together with other on-going damages.” Complaint at ¶ 16. Rayford is also seeking punitive damages against the defendants.
The defendants filed a motion for summary judgment asserting that the Indiana Worker’s Compensation Act, Ind.Code § 22-3-1-1 et seq., vests the Worker’s Compensation *1245 Board with exclusive primary jurisdiction to determine Rayford’s rights to compensation and the obligations of the defendants to provide for the care and treatment of the plaintiff[1]. The defendants asserted that Rayford had failed to pursue and/or exhaust his state administrative remedies and, therefore, the defendants were entitled to judgment as a matter of law.
The defendants asserted that, since Ray-ford’s injury (depression and attempted suicide) arose out of his employment, Rayford was required to present his claim to the Worker’s Compensation Board. Rayford, however, argued to this court that his case falls within the exception to the exclusive remedy provision set forth in Stump v. Commercial Union, 601 N.E.2d 327 (Ind.1992). In Stump, in response to a certified question from this court, the Supreme Court of Indiana held, inter alia, that “there was no adequate justification to absolve worker’s compensation insurance carriers and other such third parties of their responsibilities in the event of additional injuries or harm proximately caused by their actionable conduct. ” Id. at 331 (Emphasis added). The Court concluded that:
Indiana law will permit a cause of action by an injured employee against a worker’s compensation insurance carrier for injuries proximately caused by the insurance carrier’s tortious conduct such as gross negligence, intentional infliction of emotional distress, and constructive fraud. The exclusive remedy provisions of the Indiana Worker’s Compensation Act, Ind.Code § 22-3-2-6, do not preclude these actions. (Emphasis added).
In its order of December 30, 1993, this court explained that the key to understanding Stump was to understand that the worker’s compensation carrier in that case was being accused of breaching a duty which breach proximately caused injuries to Mr. Stump separate from the injuries he had suffered as a result of his industrial accident. This court then further explained that before Rayford could base a federal claim on the Stump exception, he was required to show that the defendants had a duty to provide services to him and that it was the defendants’ breach of this duty which proximately caused his injury; that is, his injury did not arise out of and in the course of his employment.
This court then noted that Rayford had not shown any duty or promise by the defendants to provide him with counseling services. Nor had Rayford presented any evidence that would tend to show that his psychological injuries were proximately caused by anything other than his industrial accident. Consequently, as the undisputed evidence overwhelmingly showed that Rayford’s psychological disorders arose from and were proximately caused by his industrial accident and were not proximately caused by a misrepresentation or breach of duty by the defendants, this court granted summary judgment in favor of the defendants.
In support of his motion to reconsider, Rayford claims that the defendants owed him a duty as a matter of law. Rayford asserts that the defendants’ duty to provide him with counseling services is established by the Indiana Worker’s Compensation Act, Ind. Code § 22-3-3-4(a), which provides that an employee who suffers a work related injury is entitled to reasonable and necessary medical care and treatment prior to an adjudication of permanent impairment. Specifically, Ind.Code § 22-3-3^4, which is titled “Medical treatment pending adjudication of impairment”, provides in relevant part that:
(a) After an injury and prior to an adjudication of permanent impairment, the employer shall furnish or cause to be furnished, free of charge to the employee, an *1246 attending physician for the treatment of his injuries, and in addition thereto such surgical, hospital and nursing services and supplies as the attending physician or the worker’s compensation board may deem necessary. * * *
(b) During the period of temporary total disability resulting from the injury, the employer shall furnish the physician services, and supplies, and the worker’s compensation board may, on proper application of either party, require that treatment by the physician and services and supplies be furnished by or on behalf of the employer as the worker’s compensation board may deem reasonably necessary.
(c) After an employee’s injury has been adjudicated by agreement or award on the basis of permanent partial impairment and within the statutory period for review in such case as provided in section 27 of this chapter, the employer may continue to furnish a physician or surgeon and other medical services and supplies, and the worker’s compensation board may within the statutory period for review as provided in section 27 of this chapter, on a proper application of either party, require that treatment by that physician and other medical services and supplies be furnished by and on behalf of the employer as the worker’s compensation board may deem necessary to limit or reduce the amount and extent of the employee’s impairment.
Ind.Code § 22-3-3-4(a) clearly establishes an injured employee’s right to an attending physician, as well as hospital and nursing services and supplies, for the treatment of his injuries after he has been injured and prior to an adjudication of permanent impairment. However, § 22-3-3-4(b) and (c) clearly limit the temporarily disabled employee’s right to treatment to those treatments that the “worker’s compensation board may deem reasonably necessary.”
In the present case, there is no doubt that Rayford was given the necessary initial treatment his injury demanded: he was taken to a hospital, attended to by a physician, and surgery was performed. Then, approximately one month after Ray-ford’s accident, Rayford and his employer entered into an agreement (which was approved by the Indiana Worker’s Compensation Board) stating that Rayford suffered a temporary total disability and, as a result, Rayford would receive $328.00 a week in compensation “until terminated in accordance with the provisions of the Indiana Worker’s Compensation/Occupational Diseases Acts.” During the time of his temporary total disability, Rayford was only entitled to that treatment that the worker’s compensation board deemed reasonably necessary. See Ind.Code § 22-3-3-4(b). There has been no determination by the worker’s compensation board that it is “reasonably necessary” that Rayford receive psychiatric counseling.[2] Therefore, Rayford’s argument that § 22-3-3^4 establishes as a matter of law that the defendants were under a duty to provide counseling is without merit.
Likewise, Rayford’s citation to McCutchen v. Liberty Mutual Ins. Co., 699 F.Supp. 701 (N.D.Ind.1988), in support of his argument that he was entitled to psychological counseling, is also unavailing. Although the plaintiff in McCutchen was entitled to payments for psychological treatment, McCutchen is factually distinguishable in that the plaintiffs’ initial claims to her employer included reference to her psychological problems and her need for psychiatric treatment, as plaintiff suffered second degree.burns to her face, chest and arms. The plaintiff in McCutchen then settled her claims with her employer and the defendant worker’s compensation insurance carrier. Id. at 703. Thus, the defendant in McCutchen had explicitly assumed a duty to pay for treatment for the plaintiff’s psychological and emotional injuries which she sustained in her industrial accident, and the plaintiff was permitted to pursue her suit against the defendant in which she alleged that she was injured by the defendant’s fraudulent misconduct in denying her benefits to which she was entitled to.
In the present case, by contrast, the agreement between Rayford and his employer (and his employer’s insurance carrier) did *1247 not mention any psychological or emotional injuries, and referred to Rayford’s injury as simply “FRACTURE TO RIGHT FEMUR-TISSUE”. Furthermore, Rayford’s employer’s report of injury which was filed with the Worker’s Compensation Board on February 4, 1992 lists Rayford’s injury as “fracture to right femur—tissue bruising (confirmed) (unconfirmed—fractured knee, fracture in lower leg & ankle)”. The accident report does not list any confirmed or unconfirmed psychological or emotional injuries. Consequently, it is clear that the McCutchen case does not support Rayford’s position that the defendants had a duty to provide him with counseling.
Rayford has also claimed that the defendants have recognized their duty to provide counseling. However, Rayford’s evidence merely shows that the defendants accepted Rayford’s assertions that he was suffering from a psychological disorder and, consequently, they voluntarily provided him with a limited number of counseling sessions in hopes that his condition would clear up. Rayford has not even suggested that the defendants promised him future counseling or took on a duty to ensure his psychological well-being. In fact, the record strongly suggests that Rayford psychologically overreacted to his injury and was also predisposed to have psychological problems. Therefore, the record does not support an inference that it was unreasonable for the defendants to cease paying for counseling services in the absence of a determination from the worker’s compensation board that all of Rayford’s psychological injuries arose out of his employment-related injury and, further, that additional counseling services were “reasonably necessary”.
Rayford claims that the defendants’ act of denying him further counseling aggravated his poor psychological condition and thus constitutes an injury that did not arise out of his employment and, therefore, is not governed by the Worker’s Compensation Act. Even if this court were to accept Rayford’s argument, Rayford would still not prevail under the Stump exception because he has failed to show that the defendants had a duty to continue to pay for his counseling services. In the absence of any evidence that the defendants had such a duty, Rayford cannot pursue this case against the defendants. Moreover, to infer such a duty would stretch the Stump decision way beyond its intended application. Under Rayford’s interpretation of Stump, an insurance carrier could be exposed to liability whenever an injured employee was unhappy or distressed at the level of care he was receiving.[3] Stump was only meant to prevent insurance carriers from hiding behind the exclusive remedy provision of the Worker’s Compensation Act when their tortious acts (such as misrepresentations, refusal to provide promised services, fraudulent reporting intending to deprive the employee of benefits) causes the employee to incur injuries separate from his work-related injuries. Consequently, as Rayford has not convinced this court that his claims fall within the Stump exception, he is precluded from pursuing his claims in this court.

Conclusion

For all the foregoing reasons, plaintiffs motion to reconsider is hereby DENIED.

. Ind.Code § 22-3-1-2 states, in pertinent part, that:
The worker’s compensation board shall administer the worker’s compensation law (IC 22-3-2 through IC 22-3-6). As amended by P.L. 37-1985, SEC. 29; P.L. 28-1988, SEC. 19.
Ind.Code § 22-3-2-6 states:
The rights and remedies granted to an employee subject to IC 22-3-2 through IC 22-3-6 on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next of kin, at common law or otherwise, on account of such injury or death, except for remedies available under IC 16-7-3.6 As amended by Acts 1982, P.L. 21, SEC. 50.

. The record shows that on October 25, 1993, nearly 10 months after filing the instant lawsuit, Rayford filed an Application for Adjustment of Claim requesting, that he be granted psychological counseling to help him cope with his physical injury. This request is apparently still pending before the Worker’s Compensation Board.

. The law in Indiana is clear that the employer (and thus its compensation insurer) is generally granted exclusive control over the provision of medical care under the Worker's Compensation Act. Ind.Code § 22-3-3-4; Richmond State Hosp. v. Waldren, 446 N.E.2d 1333, 1336 (Ind. App.1983) ("employee generally is not free to elect, at the employer’s expense, additional treatment or other physicians than those tendered by the employer”).