**Curtis RAYFORD, Plaintiff–Appellant,**

v.

**LUMBERMENS MUTUAL CASUALTY COMPANY and Kemper National Insurance Companies, Defendants–Appellees.**

No. 94–2047.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 4, 1994.

Decided Jan. 5, 1995.

Ronald E. James, Jack E. Morris (argued), Benson, Pantello, Morris & James, Dennis H. Geisleman, Myers & Geisleman, Fort Wayne, IN, for plaintiff-appellant.

Preston T. Breunig (argued), Martha L. Westbrook, Indianapolis, IN, for defendants-appellees.

Before BAUER, KANNE, and ROVNER, Circuit Judges.

BAUER, Circuit Judge.

In this diversity case, Curtis Rayford seeks compensation from his employer's insurers for damages resulting from the insurers' failure to provide counseling for psychological problems Rayford developed as a result of an industrial accident in which his leg was severely damaged. The district court granted the insurers' motion for summary judgment, 840 F.Supp. 606. Because Indiana requires an injured employee in Rayford's

position to pursue his claims against his employer exclusively before the state's worker's compensation board, Rayford has failed to state a claim upon which relief may be granted. We, therefore, affirm the district court's order.

On January 25, 1992, Rayford suffered a severe injury to his right leg as a result of an industrial accident that occurred during the course of Rayford's employment by Poly–Hi, Inc., which was insured for worker's compensation by Lumbermens Mutual Casualty Company and Kemper National Insurance Companies. As a result of his accident, Rayford suffered a compound and comminuted fracture of his right femur. This injury required an open reduction of his leg and arthroscopic knee surgery. Within a month, Rayford and Poly–Hi filed an Agreement to Compensation of Employee and Employer with the worker's compensation board that provided Rayford complete coverage for the treatment of his injuries as well as compensation in the amount of $328 per week. The board approved the agreement on February 27, 1992.

The agreement did not provide for any psychological counseling. Rayford, however, voluntarily began attending such counseling on the advice of his lawyer and requested that the insurers pay for it. Although the insurers received nothing from his attending physician (the doctor treating his physical injuries) diagnosing Rayford with psychological problems or recommending psychological counseling, the insurers voluntarily agreed to pay for five sessions of psychological counseling. At that time, the counselor believed that five sessions would suffice.

After the fifth session, Rayford's counselor determined that Rayford's psychological problems persisted and that he demonstrated suicidal tendencies. When Rayford demanded that the insurers pay for further counseling, they refused. At this stage, all that Rayford offered in support of his request was a letter from his counselor stating that Rayford needed further counseling. He neither consulted with his attending physician nor filed an Application for Adjustment of Claim with the worker's compensation board.

In September 1992, Rayford attempted suicide. During his subsequent hospitalization, the insurers temporarily terminated Rayford's worker's compensation disability benefits and refused to pay for in-patient psychological services. Rayford claims that he suffered a more severe depression as a result of this temporary termination of benefits.

In his complaint, Rayford claims that the way in which the insurers treated his claim and their refusal to provide the requested psychological care directly resulted in his attempted suicide and other injuries. He further claims that the insurers' failure to provide the psychological services or even undertake an adequate investigation into his need for those services was tortious and constituted gross negligence. Rayford seeks compensatory and punitive damages for the psychological and physical injuries he sustained as a result of the insurers' refusal to provide additional psychological counseling.

The insurers claim that Rayford has failed to state a claim upon which relief may be granted. They base their argument on the exclusive jurisdiction of the Indiana worker's compensation board over a worker's compensation claims. That is, they read the Indiana Worker's Compensation Act to require Rayford to seek any relief exclusively from the worker's compensation board. We agree.

In Indiana, a personal injury claim falls within the ambit of the Act if it concerns a personal injury by accident arising out of employment and within the course of employment. *Stump v. Commercial Union,* 601 N.E.2d 327 (Ind.1992) (citing *Evans v. Yankeetown Dock Corp.,* 491 N.E.2d 969, 973 (Ind.1986)). Numerous pieces of evidence, including depositions by physicians and Rayford himself, demonstrate that Rayford's psychological problems stem from his industrial accident and are therefore obviously covered by the Act.

The Act vests the worker's compensation board with exclusive primary jurisdiction to determine an employee's rights to compensation and the employer's obligations to provide for the care and treatment of the employee. Indiana Code § 22–3–2–6. Often, as was done initially in this case, the injured

employee and the employer agree to certain treatment. If (more likely when) the board approves it, that disposes of the matter. But in certain situations, like the one that developed in this case, the employee and the employer (or insurer) disagree over the proper treatment required by the employee. In these instances, the statute provides that the employer must furnish whatever treatment "the attending physician or the worker's compensation board may deem necessary." Ind.Code § 22–3–3–4.

In this case, Rayford failed to press his case with either his attending physician or the board before making his request for additional counseling of the insurers. The only evidence of lingering psychological problems presented to the insurers came in the form of a letter from his counselor. The employer is not required to take the employee's word for it when he requests that it furnish treatment in addition to that already provided; nor is it required to act on the request of a third party. Under the statute, to force the insurers to provide his counseling, Rayford had only two options: return to his attending physician for a diagnosis that Rayford required psychological counseling or file an Application for Adjustment of Claim with the worker's compensation board. He did neither at the time of his demand.

Lest one feel sorry for Rayford that he has been denied his day in the courts of the United States, we point out that he has not been without recourse. Rayford filed an Application for Adjustment of Claim on October 25, 1993, nearly ten months after he filed this lawsuit in the Northern District of Indiana.[1] The filing of this Application demonstrates Rayford's awareness that the injuries of which he complains are covered by the Act and that the worker's compensation board is the appropriate forum for settling this dispute.

Still trying to circumvent the exclusive jurisdiction of the worker's compensation board, Rayford presses the argument that his case falls within a narrow exception to the board's exclusive jurisdiction created by the Indiana Supreme Court in *Stump v. Commercial Union.* In *Stump*, 601 N.E.2d at 331, that court held that the exclusive remedy provisions of the Indiana Worker's Compensation Act do not preclude a cause of action by an injured employee against a worker's compensation insurance carrier for injuries proximately caused by the insurance carrier's tortious conduct such as gross negligence, intentional infliction of emotional distress, and constructive fraud. A brief review of the facts of *Stump* demonstrates that Rayford's argument must fail.

The injured employee, Stump, lost both legs in an industrial accident. Although he needed special care and exercise, Stump left the hospital after only fourteen days upon assurances from the insurer's representative that it would provide Stump with special outpatient therapy (physical and occupational), home health care, medical supplies, transportation, and modifications to his home to accommodate his wheelchair. *Id.* at 329 & n. 1. The insurer's representative promised to provide all of these items to Stump to induce him to leave the hospital substantially sooner than anticipated, thereby decreasing the insurer's costs. *Id.* After Stump left the hospital, the insurer reneged on its offer. *Id.* Stump subsequently suffered additional physical injuries which precluded him from being fitted with permanent prostheses. *Id.*

The Indiana Supreme Court held that these were not injuries within the exclusive jurisdiction of the worker's compensation board. It determined that the insurer had assumed a duty above and beyond that imposed by the Act when it promised Stump extraordinary care in exchange for his leaving the hospital. Further, the breach of that duty could not be remedied by the board. The court stated that Stump must be permitted, therefore, to bring such state causes of action as gross negligence, intentional infliction of emotional distress, and constructive fraud or be left without any remedy for the insurer's unconscionable breach of its duty.

---

1. At the time of oral argument, neither party knew of any action taken by the board with respect to Rayford's Application for Adjustment of Claim. In addition, neither party knew whether this delay was driven by the board's desire to await the outcome of this case in the federal courts.

No such duty was assumed by the insurers in this case. Rayford's psychological problems were solely related to his industrial accident. As Rayford eventually realized, the insurers' liability with respect to his problems is properly and exclusively within the jurisdiction of the worker's compensation board.

For the foregoing reasons, Rayford has no viable state claim against the insurers. Accordingly, the district court's order dismissing Rayford's complaint for failure to state a claim upon which relief can be granted is

AFFIRMED.