Theresa **FLEISCHMANN,**
**Appellant–Plaintiff,**

v.

**WAUSAU BUSINESS INSURANCE CO.
d/b/a Wausau Underwriter's Insurance
Co. a/k/a Wausau Insurance Co., Appellee–Defendant.**

No. 19A01–9606–CV–181.

Court of Appeals of Indiana.

Oct. 7, 1996.

Daniel J. Tuley and John K. Aarstad, Robert John & Associates, Evansville, for Appellant–Plaintiff.

R. Lawrence Daly, Wright, Evans & Daly, Evansville, for Appellee–Defendant.

## OPINION

BAKER, Judge.

In this interlocutory appeal, appellant-plaintiff Theresa Fleischmann and appellee-defendant Wausau Business Insurance Co. d/b/a Wausau Underwriter's Insurance Co. a/k/a Wausau Insurance Co. (Wausau) jointly petition for review of the trial court's denial of each of their motions for summary judgment. Specifically, Fleischmann contends that the trial court erred in denying her motion for summary judgment in which she alleged that she was injured as a result of Wausau's negligent safety inspection of her employer's facility. Wausau also contests the trial court's denial of its motion for summary judgment and motion to dismiss, arguing that Fleischmann's claim is barred by the exclusivity provision of the Worker's Compensation Act (Act).[1]  In addition, Wausau argues that, even if the claim is not barred by the Act, it is statutorily immune from liability.

1.  IND.CODE §§ 22–3–1–1 to 22–3–12–5.

*FACTS*

From August 1, 1989, to August 1, 1990, Wausau provided worker's compensation insurance for Styline Industries, Inc. (Styline). Under the terms of the insurance policy, Wausau was entitled to conduct safety "surveys" at Styline's plants. Record at 202. According to the policy, the surveys only related to the insurability of the workplace and were not undertaken "to perform the duty of any person to provide for the health and safety of [Styline's] employees or the public." R. at 202. On May 3, 1990, Wausau's senior safety consultant, Ed Hoffman, inspected Styline's plant no. 6 and recommended several safety improvements to Styline's plant manger.

Thereafter, on June 19, 1990, while working at Styline's plant no. 6, Fleischmann's hand was crushed, and subsequently amputated, when it was pulled into a laminating machine that she was cleaning. As a result of her injury, Fleischmann filed for and received worker's compensation benefits.

On November 27, 1990, Fleischmann filed a complaint against Wausau, alleging that the loss of her hand was proximately caused by Wausau's negligence in conducting safety inspections at Styline.[2] On January 11, 1995, Wausau filed a motion for summary judgment on the following grounds: (1) the trial court lacked subject matter jurisdiction over Fleischmann's claim; and (2) Wausau was statutorily immune from liability. On February 11, 1995, Fleischmann filed a cross-motion for summary judgment, requesting the trial court to find that Wausau was not entitled to immunity as a matter of law. The trial court conducted a hearing on the motions on April 13, 1995. Thereafter, on May 19, 1995, the court denied both parties' motions. This appeal ensued.

*DISCUSSION AND DECISION*

Fleischmann and Wausau raise various issues regarding the trial court's denial of their respective motions for summary judgment. However, Wausau raises one issue that is dispositive. Specifically, Wausau contends that Fleischmann's claim for negligent inspection is barred by the exclusivity provisions of the Worker's Compensation Act because her injury is work-related.[3]

When a trial court determines whether a claim should be dismissed for lack of subject matter jurisdiction, it may consider the pleadings, affidavits and any other evidence submitted. *Perry,* 637 N.E.2d at 1287. In addition, the court may weigh the evidence to determine if the requisite jurisdictional facts exist and to resolve factual disputes. *Id.* at 1286–87.

As a general rule, the party opposing jurisdiction has the burden of proving that the court lacks jurisdiction. *Id.* at 1287. However, the Worker's Compensation Act represents a compromise between insuring compensation for an injured employee and protecting an employer from unanticipated costs and large damage verdicts. Thus, public policy favors the broad application of, and the inclusion of employees within, the Act. *Id.* Therefore, in a case involving an injury to an employee, once a party raises the issue of the exclusivity of the Act as a bar to a court's jurisdiction, the burden shifts to the opposing party to prove that the claim falls outside the Act. *Id.*

The exclusivity provision of the Act provides that

[t]he rights and remedies granted to an employee subject to I.C. 22–3–2 through 22–3–6 on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, the employee's personal representative, dependents ... at common law or otherwise on

---

2. Fleischmann's complaint also names the manufacturer of the laminating machine, DuBois Machine Co., Inc., and the designers of the machine, Fintan J. Stallings and William Lang, as defendants. However, they are not parties to this appeal.

3. Our supreme court has previously held that a summary judgment motion which raises the issue of a trial court's lack of subject matter jurisdiction is properly before the court as a motion to dismiss. *Perry v. Stitzer Buick GMC, Inc.,* 637 N.E.2d 1282, 1286 (Ind.1994). Thus, the trial court properly considered Wausau's first claim as a motion to dismiss.

account of such injury or death, except for remedies available under IC 5–2–6.1.

I.C. § 22–3–2–6. This section limits an employee whose injury meets the jurisdictional requirements of the Act to the rights and remedies provided by the Act. Therefore, if an employee's injury occurred by accident and arose out of and in the course of employment, Indiana courts are barred from hearing a common law action brought by the employee for the same injuries.

However, an employee may maintain an action against third party tortfeasors if the third party is not the plaintiff's employer. *Williams v. R.H. Marlin, Inc.,* 656 N.E.2d 1145, 1150 (Ind.Ct.App.1995). The Act defines an employer to include the "employer's insurer so far as applicable." I.C. § 22–3–6–1(a). Thus, the liability of an employer's worker's compensation insurance carrier is limited for accidental injuries sustained by an employee in the course of his or her employment. Nevertheless, our supreme court recently recognized certain conditions under which an injured employee can maintain an action against a worker's compensation insurance carrier. *Stump v. Commercial Union,* 601 N.E.2d 327 (Ind.1992).

In *Stump,* the court considered whether the exclusivity provisions of the Act precluded an employee's action against a worker's compensation insurance carrier for fraudulent misrepresentations it made in processing the employee's worker's compensation claim.[4] In holding that the exclusivity provision did not operate to bar the employee's claim, the court stated that the Act only bars separate actions when the injury "(a) occurs by accident, (b) arises out of employment, and (c) arises in the course of employment." *Id.* at 331. The Act did not, however, "absolve [a] worker's compensation insurance carrier[ ] ... of [its] responsibilities in the event of additional injuries or harm proximately caused by [its] actionable conduct." *Id.*

In the present case, Fleischmann's claim against Wausau is based on the injuries she sustained while cleaning the laminating machine. The record reveals that the injuries arose out of and in the course of her employment at Styline. Further, Fleischmann has not shown that her injuries stem from anything other than her industrial accident. Nothing in the record indicates, and Fleischmann does not allege, that Wausau improperly handled her worker's compensation claim, as in *Stump,* or that Wausau harmed her in any other way.[5] Therefore, Fleischmann has not met her burden of showing that her claim falls outside of the Act.[6] *See Campbell v. Eckman/Freeman & Assoc.,* 670 N.E.2d 925, 930 (Ind.Ct.App.1996) ("*Stump* is limited in that it permits an injured worker to pursue only certain claims against a worker's compensation carrier 'in the event of additional injuries or harm proximately caused by [its] actionable conduct.' ") (citations omitted); *see also Rayford v. Lumbermens Mut. Cas. Co.,* 840 F.Supp. 606, 610–612 (N.D.Ind.1993), *aff'd,* 44 F.3d 546, 549–50 (7th Cir.1995) (interpreting *Stump* to mean claimant could not maintain action for breach of duty against employer's worker's compensation insurance carrier absent showing that injuries were caused by something other than industrial

---

4. The plaintiff in *Stump* lost both legs as a result of an industrial accident. *Stump,* 601 N.E.2d at 329 n. 1. Although needing special care and exercise, Stump left the hospital upon assurances by the compensation carrier's representative that Stump would receive the necessary equipment, professional services and finances for home care. *Id.* The Stumps' claim sought damages against the worker's compensation insurance carrier for injuries, including Stump's inability to be fitted with a permanent prosthesis due to the denial of timely physical therapy, resulting from the carrier's refusal or delay in providing the items and services. *Id.*

5. In fact, Wausau paid Fleischmann's worker's compensation claim.

6. Fleischmann urges us to interpret *Stump* broadly to allow an employee to assert any cause of action in tort against an employer's worker's compensation insurance carrier, regardless of whether the employee suffers an injury or harm in addition to his or her work-related injury. We decline Fleischmann's invitation. Such an interpretation would permit employees to recover twice for the same work-related injuries: once pursuant to the Act and again through a tort action against the worker's compensation insurance carrier. Our interpretation of *Stump* prevents double recovery, yet insures compensation for an employee's injuries by prohibiting a compensation carrier from escaping liability for additional injuries it causes by hiding behind the exclusivity provision of the Act.

accident). Thus, the trial court erred in denying Wausau's motion for summary judgment.

Reversed and remanded for proceedings consistent with this opinion.

SHARPNACK, C.J., and ROBERTSON, J., concur.