Helen MARONEY, Appellant
(Plaintiff Below),

v.

FRATERNAL ORDER OF POLICE
LODGE #71 and Transamerica Insur-
ance Group, Appellee (Defendants Be-
low).

No. 34A04–8902–CV–38.

Court of Appeals of Indiana,
Third District.

Nov. 13, 1989.

As Corrected Nov. 21, 1989.

Rehearing Denied Jan. 10, 1990.

Kelly Leeman, Kelly Leeman & Associ-
ates, Logansport, for appellant.

R.D. Zink, R. Michael Congleton, Meils,
Zink, Thompson, Dietz & Bola, Indianapo-
lis, for appellee Transamerica Ins. Group.

Donald J. Tribbett, Scott L. Starr, Walk-
er Starr Austen & Tribbett, Logansport,
for Fraternal Order of Police Lodge #71.

HOFFMAN, Judge.

Plaintiff-appellant Helen Maroney ap-
peals the decision of the trial court grant-
ing summary judgment in favor of Frater-
nal Order of Police Lodge #71 and Trans-
america Insurance Group.

The facts relevant to this appeal disclose
that appellant was an associate member of
the Fraternal Order of Police Lodge #71
(hereinafter referred to as the "FOP").
The FOP is an unincorporated association
of approximately 750 members in the town
of Logansport, Indiana.

The appellant volunteered to help paint a
clubroom which the FOP was renovating.
On March 15, 1985, appellant was utilizing
a scaffold to paint the upper walls and
ceiling areas when she fell off the scaffold
sustaining serious injuries.

Appellant filed suit alleging in part that
the scaffold provided by the FOP had been
negligently erected by the FOP proximate-
ly causing appellant's fall and resultant
injuries. On November 2, 1988, the trial
court entered summary judgment against
the plaintiff-appellant.

One issue is dispositive of this appeal:
whether appellant as a member of an unin-
corporated association can bring an action
against the association for negligence.

When reviewing the grant of a mo-
tion for summary judgment, this Court will

stand in the shoes of the trial court and consider the same matters as does the trial court. *Moll v. South Central Solar Systems, Inc.* (1981), Ind.App., 419 N.E.2d 154, 163. Summary judgment will be affirmed if sustainable on any theory or basis found in the record. *Wingett v. Teledyne Industries, Inc.* (1985), Ind., 479 N.E.2d 51, 56.

■ Appellant alleges that the trial court erred in not specifying its grounds in granting the motions for summary judgment. While it is true that Ind. Rules of Procedure, Trial Rule 56(C) provides that "the court shall designate the issues or claims upon which it finds no genuine issue as to any material facts," it is discretionary with the Court of Appeals as to whether the case should be remanded to the trial court for these findings. When the trial court fails to designate issues and claims, the Court of Appeals *may remand* with instructions to so designate. *Sekerez v. Lake Co. Bd. Comm'rs et al.* (1976), 171 Ind.App. 463, 358 N.E.2d 140. It is not necessary that this case be remanded to the trial court for designation of the issues and claims.

■ In *Calvary Baptist Church v. Joseph* (1988), Ind., 522 N.E.2d 371, the court stated the general rule in Indiana that members of an unincorporated association cannot sue the association for tortious acts of one or more of its members. The theory relied upon by the court is that the members of an unincorporated association are engaged in a joint enterprise. *Calvary Baptist*, 522 N.E.2d at 374.

> "The negligence of each member in the prosecution of that enterprise is imputable to each and every other member so that the member who has suffered damages through the tortious conduct of another member of the association may not recover from the association for such damage. It would be akin to the person suing himself as each member becomes both a principal and an agent as to all other members for the actions of the group itself."

522 N.E.2d at 374–375.

The court noted that some jurisdictions had adopted an exception to the general rule to avoid sacrificing reality to theoretical formalism. *Marshall v. International Longshoremen's and Warehousemen's Union* (1962), 57 Cal.2d 781, 22 Cal. Rptr. 211, 371 P.2d 987; *White v. Cox* (1971), 17 Cal.App.3d 824, 95 Cal.Rptr. 259.

The *Marshall* court made an exception in the case of a large international labor union. The test it applied was a two-part test:

> 1) whether the association possesses a separate legal existence from its members, and
> 2) whether the members retain direct control over the operations of the association.

*Marshall, supra*, 22 Cal.Rptr. at 214, 317 P.2d at 990; *Calvary Baptist, supra*, 522 N.E.2d at 375.

The *White* court looked to the nature of the association, to the applicable statutory scheme and to the role of the members in the association as compared with a corporation when it created an exception to the general non-liability rule. *Calvary Baptist, supra*, 522 N.E.2d at 375. The wisdom of applying the exception to the general rule in the case of large unincorporated associations such as labor unions was recognized by the *Calvary Baptist* court, but not adopted as an exception to the general rule in Indiana.

Similarly in this case, there is no need to consider the exception adopted by other jurisdictions. Although the FOP has two types of members, active members and associate members, the FOP was engaged in a joint enterprise in this case. The membership of the FOP was involved in a group effort to renovate the clubhouse. Appellant was participating in this activity when the accident occurred. Her claim of negligence arose from the alleged improper erection of the scaffold by other members of the FOP. This scaffold was to be used by her to help paint the clubhouse with the other members of the FOP. Thus, her lawsuit against the FOP for negligence is barred by the general rule in Indiana that a member of an unincorporated association

cannot sue the association for tortious acts of one or more of its members.

Since there is no genuine issue of material fact, the trial court properly granted summary judgment.

Affirmed.

CHEZEM, P.J., and STATON, J., concur.