**WOLF CORPORATION, Appellant–Defendant,**

v.

**Permilla THOMPSON, Executrix of the Estate of Robert Thompson, and Permilla Thompson, Individually, Appellees–Plaintiffs.**

No. 92A03–9208–CV–237.

Court of Appeals of Indiana, Third District.

March 8, 1993.

Scott T. Niemann, Andrea L. Hermer, Rothberg, Gallmeyer, Fruechtenicht & Logan, Fort Wayne, for appellant-defendant.

HOFFMAN, Judge.

Appellant-defendant Wolf Corporation (Wolf) brings this certified interlocutory appeal from the trial court's denial of its motion for summary judgment as to count 1 of the Estate's complaint.

The facts relevant to the appeal disclose that Wolf employed Robert Thompson, the deceased, as a truck driver at its bedding manufacturing facility in Fort Wayne, Indiana. On March 16, 1989, Thompson suffered a back injury while attempting to back a tractor to a trailer. Thompson con-

tinued to work until May 9, 1989, at which time he sought medical attention and notified Wolf that he was unable to continue work. On August 17, 1989, Wolf filed a report of Thompson's injury with its worker's compensation insurance carrier, American Mutual Insurance Company (American). American made no benefit payments to Thompson until after January 15, 1990, the date of his death from a heart attack.

On October 18, 1991, Thompson's wife Permilla, as executrix of his estate and in her individual capacity, filed a complaint for damages against Wolf and American. The complaint contained three counts, the first and third involving an action for wrongful death, and the second involving an action for fraud.[1] On October 21, 1991, the Estate filed an application for adjustment of claim with the Indiana Worker's Compensation Board. Both Wolf and American filed answers on December 3, 1991, and Wolf filed an amended answer on December 30, 1991. On April 20, 1992, Wolf filed a motion for summary judgment which the trial court granted as to counts 2 and 3 but denied as to count 1 of the complaint. Upon Wolf's petition, the trial court certified for appeal its interlocutory order, and on September 21, 1992, this Court granted Wolf's petition for leave to appeal from interlocutory order.

■ Wolf claims the trial court erred in denying its motion for summary judgment as to count 1 of the Estate's complaint. In reviewing a motion for summary judgment, this Court stands in the shoes of the trial court. According to Ind.Trial Rule 56(C), the party moving for summary judgment must specifically designate to the trial court the evidentiary matter on which it relies for purposes of the motion. The non-moving party must then specifically designate to the trial court facts which would indicate the existence of an issue of material fact. *Id.* Neither the trial court nor this

Court may search the record, and neither may ground its determination on evidentiary matter other than that which the parties designated to the trial court. *Babinchak v. Town of Chesterton* (1992), Ind.App., 598 N.E.2d 1099, 1101–1102.

■ As Wolf notes, the Estate failed to file anything in response to its motion for summary judgment.[2] Therefore, under T.R. 56(C), this Court's review is limited to the evidentiary matter Wolf designated to the trial court. In support of its motion for summary judgment, Wolf filed a Designation of Supporting Materials which included the Estate's complaint, Wolf's answer and amended answer, American's answer, the affidavit of the secretary of Wolf, the deceased's application for adjustment of claim, and a memorandum in support of Wolf's motion for summary judgment.

■ Wolf contends the trial court lacked subject-matter jurisdiction over the Estate's wrongful death cause of action due to the exclusive remedy provision of the Indiana Worker's Compensation Act. In count 1 of its complaint, the Estate alleges that Wolf's improper handling of the deceased's worker's compensation claim resulted in the deceased's death. However, IND.CODE § 22–3–2–6 (1988 Ed.), the exclusive remedy provision of the Worker's Compensation Act, provides as follows:

> "The rights and remedies granted to an employee subject to IC 22–3–2 through IC 22–3–6 on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next of kin, at common law or otherwise, on account of such injury or death, except for remedies available under IC 16–7–3.6."

In *Evans v. Yankeetown Dock Corp.* (1986), Ind., 491 N.E.2d 969, our Supreme

---

**1.** As Wolf notes, the personal representative of the deceased is the only person who has authority to bring a cause of action under the Indiana Wrongful Death Act. IND.CODE § 34–1–1–2 (1988 Ed.). Consequently, Permilla, in her individual capacity, cannot maintain a cause of action under the Indiana Wrongful Death Act.

**2.** This Court would note that the Estate also failed to file an appellate brief. When an appellee fails to submit a brief, an appellant may prevail by making a *prima facie* showing of reversible error. *Watkins v. Alvey* (1990), Ind. App., 549 N.E.2d 74, 75–76.

Court held that IND.CODE § 22–3–2–6 excludes all rights and remedies of an employee against his employer for personal injury or death if the injury or death was (1) by accident, (2) arising out of employment, and (3) arising in the course of employment. *Id.* at 973. As will be shown below, this Court finds that the Estate's wrongful death action meets the three jurisdictional prerequisites and, thus, falls within the coverage of IND.CODE § 22–3–2–6.

The *Evans* court held that the statutory term "injury or death by accident" means unexpected injury or death. *Id.* at 975. In paragraphs 5 and 9 of its complaint, the Estate alleges that Wolf's handling of the deceased's worker's compensation claim caused the deceased severe emotional distress which caused his ulcer to burst which caused a heart attack which caused his death. As it would be difficult if not impossible to expect or foresee such a chain of events resulting from the handling of a worker's compensation claim, the deceased's death clearly meets the "by accident" jurisdictional prerequisite.

■ An injury or death arises "out of" employment when there is a causal relationship between the injury or death and the duties or services of employment. *Id.* An injury or death arises "in the course of" employment if it occurs within the period of employment, at a place where the employee may reasonably be, and while he is fulfilling the duties of his employment, or is engaged in doing something incidental to it. *Indiana & Michigan Elec. Co. v. Morgan* (1986), Ind.App., 494 N.E.2d 991, 994. The processing of a worker's compensation claim is clearly an employment-related activity, and the Estate alleges in its complaint that Wolf's improper handling of the deceased's claim caused his death. Moreover, Wolf's purchase of a Worker's Compensation and Employers Liability Policy from American was for the mutual benefit of itself and its employees. "Activities which advance, either directly or indirectly, an employer's interests or are for the mutual benefit of the employer and employee may be incidental to and arise in the course

of employment." *Id.* The Estate's wrongful death action meets all three jurisdictional prerequisites; therefore, IND.CODE § 22–3–2–6 bars the action, and the trial court did not have subject-matter jurisdiction.

■ As Wolf notes, Indiana recognizes an intentional tort exception to IND.CODE § 22–3–2–6. *See Cox v. American Aggregates Corp.* (1991), Ind.App., 580 N.E.2d 679, 683. Although the Estate alleges in its complaint that Wolf acted intentionally, a naked allegation of an intentional tort is not enough to avoid the exclusive remedy provision of the Worker's Compensation Act. *Id.* Accordingly, the Estate's attempt to plead around IND.CODE § 22–3–2–6 fails to support an independent cause of action.

Reversed and remanded with instructions to the trial court to enter summary judgment as to count I of the Estate's complaint.

STATON and BAKER, JJ., concur.