Curtis **RAYFORD**, Plaintiff,

v.

**LUMBERMENS MUTUAL CASUALTY COMPANY and Kemper National Insurance Companies, Defendants.**

**Civ. No. 1:92cv306.**

United States District Court, N.D. Indiana, Fort Wayne Division.

Dec. 30, 1993.

**608**

Jack E. Morris, Benson Pantello Morris and James, Dennis H. Geisleman, Myers and Geisleman, Fort Wayne, IN, for plaintiff.

Preston T. Breunig, Martha L. Westbrook, Buck, Berry, Landau and Breunig, P.A., Indianapolis, IN, for Lumbermens Mut. Cas. Co.

John D. Walda, Kevin K. Fitzharris, Barrett and McNagny, Fort Wayne, IN, Preston T. Breunig, Martha L. Westbrook, Buck, Berry, Landau and Breunig, Indianapolis, IN, for Kemper Nat. Ins. Companies.

## ORDER

WILLIAM C. LEE, District Judge.

·This matter is before the court on defendants' "Motion for Summary Judgment for the Reason Plaintiff has Failed to State a Claim for Which Relief can be Granted", which was filed on November 19, 1993. Briefing was completed on the motion on December 27, 1993. For the following reasons, the defendants' motion for summary judgment will be granted.

### Summary Judgment

■ Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). However, Rule 56(c) is not a requirement that the moving party negate his opponent's claim. *Fitzpatrick v. Catholic Bishop of Chicago*, 916 F.2d 1254, 1256 (7th Cir. 1990). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The standard for granting summary judgment mirrors the directed verdict standard under Rule 50(a), which requires the court to grant a directed verdict where there can be but one reasonable conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, ·91

L.Ed.2d 202 (1986). A scintilla of evidence in support of the non-moving party's position is not sufficient to successfully oppose summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 2512; *In Re Matter of Wildman*, 859 F.2d 553, 557 (7th Cir.1988); *Klein v. Ryan*, 847 F.2d 368, 374 (7th Cir.1988); *Valentine v. Joliet Township High School District No. 204*, 802 F.2d 981, 986 (7th Cir. 1986). No genuine issue for trial exists "where the record as a whole could not lead a rational trier of fact to find for the nonmoving party." *Juarez v. Ameritech Mobile Communications, Inc.*, 957 F.2d 317, 322 (7th Cir.1992) (quoting *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348; 1356, 89 L.Ed.2d 538 (1986)).

■ Initially, Rule 56 requires the moving party to inform the court of the basis for the motion, and to identify those portions of the "pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, which demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553. The non-moving party may oppose the motion with any of the evidentiary materials listed in Rule 56(c), but reliance on the pleadings alone is not sufficient to withstand summary judgment. *Goka v. Bobbitt*, 862 F.2d 646, 649 (7th Cir.1988); *Guenin v. Sendra Corp.*, 700 F.Supp. 973, 974 (N.D.Ind.1988); *Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir.), *cert. denied*, 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983). In ruling on a summary judgment motion the court accepts as true the non-moving party's evidence, draws all legitimate inferences in favor of the non-moving party, and does not weigh the evidence or the credibility of witnesses. *Anderson*, 477 U.S. at 249–251, 106 S.Ct. at 2511. However, "[i]t is a gratuitous cruelty to parties and their witnesses to put them through the emotional ordeal of a trial when the outcome is foreordained" and in such cases summary judgment is appropriate. *Mason v. Continental Illinois Nat'l Bank*, 704 F.2d 361, 367 (7th Cir.1983).

Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law. *Id.* 477 U.S. at 248, 106 S.Ct. at 2510. Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute. *Id.* The issue of fact must be genuine. Fed.R.Civ.P. 56(c), (e). To establish a genuine issue of fact, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586, 106 S.Ct. at 1356; *First National Bank of Cicero v. Lewco Securities Corp.,* 860 F.2d 1407, 1411 (7th Cir.1988). The non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Id.* A summary judgment determination is essentially an inquiry as to "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–252, 106 S.Ct. at 2512.

### Discussion

On December 30, 1992, plaintiff Curtis Rayford ("Rayford") filed a complaint for damages against Lumbermens Mutual Casualty Company ("Lumbermens") and Kemper National Insurance Companies ("Kemper"). In his complaint Rayford alleges that on January 25, 1992, he sustained a severe injury as a result of an industrial accident in the course of his employment at Poly–Hi, Inc, which was insured for worker's compensation by Lumbermens and Kemper. Specifically, Rayford suffered a compound and comminuted fracture of his right femur which required an open reduction and, further, surgery was later performed on Rayford's right knee. Rayford and his employer filed an "Agreement to Compensation of Employee and Employer" with the Worker's Compensation Board on February 26, 1992. This Agreement provided that Rayford would receive compensation at the rate of $328.00 per week. This Agreement was approved by the Worker's Compensation Board on February 27, 1992.

Rayford claims that as a result of his severe leg injury he began suffering from depression and psychological difficulties. The defendants initially voluntarily approved five counseling sessions for Rayford without requiring him to file a formal compensation claim with the Worker's Compensation Board. At the expiration of these five sessions on July 24, 1992, the defendants terminated counselling services even though Rayford had been diagnosed as a suicide risk. In September of 1992 Rayford attempted suicide. During Rayford's hospitalization following his attempted suicide, the defendants temporarily terminated Rayford's worker's compensation disability benefits and refused to pay for in-patient psychological services. Rayford claims that he suffered a more severe depression as a result of the defendants' temporary termination of his worker's compensation benefits.

In his complaint, Rayford claims that the defendants' handling of his claim and their refusal to provide recommended psychological care resulted in his attempted suicide and other injuries. Rayford further claims that the defendants' conduct was tortious and their refusal to pay benefits constituted gross negligence in that the defendants failed to provide psychological services and failed to undertake an adequate investigation into the need for those services and the consequences which would flow from the denial of those services. Rayford contends that the defendants' actions were taken in reckless disregard for his life and mental health.

Rayford is seeking "compensatory damages for the psychological and physical injuries sustained, and for damage to his credit and additional stress caused by the wrongful termination of temporary total disability benefits and the refusal to provide psychological care, together with other ongoing damages." Complaint at ¶ 16. Rayford is also seeking punitive damages against the defendants.

In support of their motion for summary judgment, the defendants claim that the Indiana Worker's Compensation Act, *Ind. Code* § 22–3–1–1 *et seq.,* vests the Worker's Compensation Board with exclusive primary jurisdiction to determine Rayford's rights to compensation and the obligations of the defendants to provide for the care and treatment of the plaintiff. The defendants assert

that Rayford has failed to pursue and/or exhaust his state administrative remedies and, therefore, the defendants are entitled to judgment as a matter of law.

Ind.Code § 22–3–1–2 states, in pertinent part, that:

The worker's compensation board shall administer the worker's compensation law (IC 22–3–2 through IC 22–3–6). As amended by P.L. 37–1985, SEC.29; P.L.28–1988, SEC. 19.

Ind.Code § 22–3–2–6 states:

The rights and remedies granted to an employee subject to IC 22–3–2 through IC 22–3–6 on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next of kin, at common law or otherwise, on account of such injury or death, except for remedies available under IC 16–7–3.6 As amended by Acts 1982, P.L.21, SEC. 50.

In *Beach v. Owens–Corning Fiberglass Corp.*, 728 F.2d 407 (7th Cir.1984), the Court affirmed the entry of summary judgment in favor of the defendant because the injured plaintiff was an employee of the defendant and thus his claim was cognizable only before the Industrial Board. The Court stated that:

Despite our ruling that the district court had jurisdiction to entertain this suit, we affirm the entry of summary judgment because Indiana has eliminated the cause of action asserted by the plaintiffs. The Indiana law vesting exclusive jurisdiction over disputes between employees and their employers in the disputes board operates to close state court doors to the plaintiffs. The state's denial of a judicial remedy in this case is a denial of the substantive right asserted by the plaintiffs. An employee or his representatives or kin may make no claim other than before the Industrial Disputes Board. Accordingly, the state courts have no jurisdiction over the plaintiffs' claims, and the plaintiffs therefore have no claim to press in this federal action, which depends entirely upon state law. (Citations and footnote omitted).

*See also St. Mary Medical Center v. Baker,* 611 N.E.2d 135 (Ind.App.1993); *Wolf Corpo-* *ration v. Thompson,* 609 N.E.2d 1170 (Ind. App.1993).

The defendants assert that, since the plaintiff's injury (depression and attempted suicide) arose out of his employment, plaintiff must present his claim to the Worker's Compensation Board. Plaintiff, however, contends that this case falls within the exception to the exclusive remedy provision set forth in *Stump v. Commercial Union,* 601 N.E.2d 327 (Ind.1992). In *Stump*, in response to a certified question from this court, the Supreme Court of Indiana held, *inter alia,* that "there was no adequate justification to absolve worker's compensation insurance carriers and other such third parties of their responsibilities *in the event of additional injuries or harm proximately caused by their actionable conduct.*" *Id.* at 331 (Emphasis added). The Court concluded that:

Indiana law will permit a cause of action by an injured employee against a worker's compensation insurance carrier for injuries *proximately caused* by the insurance carrier's tortious conduct such as gross negligence, intentional infliction of emotional distress, and constructive fraud. The exclusive remedy provisions of the Indiana Worker's Compensation Act, Ind.Code § 22–3–2–6, do not preclude these actions. (Emphasis added).

The key to understanding *Stump* is to understand that the worker's compensation carrier in that case was being accused of breaching a duty which breach proximately caused injuries to Mr. Stump separate from the injuries he had suffered as a result of his industrial accident. As this court explained in its earlier order in the *Stump* case in which defendants' request for summary judgment was denied, Mr. Stump would have been left without a remedy if his federal case were not allowed to proceed:

Neither the fraudulent misrepresentations, nor emotional distress, nor the additional physical injuries arose "out of and in the course of employment", but rather, occurred after Lee [Stump] had been temporarily but totally disabled from working for a period of time. Nor could Lee have presented these claims to the Industrial

Board as compensable under the Workmen's Compensation Act.

*Stump v. Crawford & Co.*, 726 F.Supp. 228, 234 (N.D.Ind.1989).

■ Before Rayford can base a federal claim on the *Stump* exception, he must show that the defendants had a duty to provide services to him and that it was the defendants' breach of this duty which proximately caused his injury; that is, his injury did not arise out of and in the course of his employment. In *Stump*, an agent of the worker's compensation insurance carrier acknowledged that Mr. Stump, who lost both legs in an industrial accident, needed extensive therapy, home health care, medical supplies, transportation, and modifications to his home to accommodate his wheelchair. The agent, Crawford and Company, promised to provide all of these items to Mr. Stump in order to induce him to leave the hospital only fourteen days after his accident and thereby decrease the costs the insurance carrier would be required to bear. Relying on Crawford's representations, Mr. Stump left the hospital. Crawford then failed to provide the required services. As a result, Stump suffered additional physical injuries which precluded him from being fitted with permanent artificial limbs. *Stump*, 601 N.E.2d at 329, n. 1.

■ The present case is clearly distinguishable from *Stump* because Rayford has not shown any duty or promise by the defendants to provide him with counseling services. Further, Rayford has not presented any evidence whatsoever that would tend to show that his psychological injuries were proximately caused by anything other than his industrial accident. In fact, in his deposition at page 244, Rayford admitted that the depression he felt was the result of his industrial accident. Additionally, the deposition of Prevish Rustagi, M.D. states that:

I believe with a reasonable degree of medical certainty that Mr. Rayford's depression and post traumatic stress disorder is a direct and proximate result of injury to his legs in January 1992. He was psychiatrically asymptomatic prior to the accident.

Furthermore, Jay Patel, M.D. stated in his deposition that Rayford's adjustment disorder arose from his on-the-job accident.

In his response brief, filed on December 22, 1993, plaintiff asserts that "The undisputed deposition testimony of counselor Nixon and Dr. Rustagi is that Curtis Rayford's injuries, including his psychological problems and depression resulted from his industrial accident. Despite these undisputed treating physicians sworn statements, Kemper/Lumbermens have refused to provide any additional counseling services to Mr. Rayford, or pay for his psychological expenses." Response Brief at p. 2–3, ¶ 5. The record also shows that on October 25, 1993, nearly 10 months after filing the instant lawsuit, Rayford filed an Application for Adjustment of Claim requesting that he be granted psychological counseling to help him cope with his physical injury. Thus, it is clear that Rayford is contending that his psychological injuries arose out of and in the course of his employment.

■ Under Indiana law a claim falls within the jurisdiction of the Worker's Compensation Act if it is for: (1) a personal injury or death by accident; (2) arising out of employment; and (3) arising in the course of employment. *Baker v. Westinghouse Elec. Corp.*, 830 F.Supp. 1161, 1164 (S.D.Ind.1993). As Rayford's psychological injuries arose out and in the course of his employment he can seek relief under the Worker's Compensation Act. In fact, as noted earlier, Rayford's request for psychological counseling services is presently pending before the Worker's Compensation Board. It is clear that this court cannot usurp the power of the Worker's Compensation Board to make the determination of whether Rayford is entitled to additional benefits as requested by his Application for Adjustment of Claim. An injured worker cannot simply bypass the administrative procedures of the Worker's Compensation Act and elect to adjudicate his worker's compensation claim in federal court. *Stump* only permits an injured worker to pursue certain claims against a worker's compensation insurance carrier "in the event of additional injuries or harm proximately caused by [its] actionable conduct." 601 N.E.2d at 331. The undisputed evidence in this case overwhelmingly shows that Rayford's psychologi-

**612**

cal disorders arose from and were proximately caused by his industrial accident and were not proximately caused by a misrepresentation or breach of duty by the defendants. Consequently, Rayford's complaint presently before this court fails to state a claim for which relief can be granted.

### Conclusion

For all the foregoing reasons, the defendants' motion for summary judgment is hereby GRANTED.