The BENEVOLENT AND PROTECTIVE ORDER OF ELKS LOCAL 291, Appellant–Defendant,

v.

Terry MOONEY and Kathy Mooney, Appellees–Plaintiffs.

No. 42A05–9502–CV–43.

Court of Appeals of Indiana.

June 18, 1996.

Gregory S. Carter, Sacopulos, Johnson, Carter & Sacopulos, Terre Haute, for appellant.

Matt Parmenter, Sturm, Smith & Parmenter, Vincennes, for appellee.

## OPINION

RUCKER, Judge.

After a member of an Elks lodge filed suit for injuries sustained on the lodge's premises, the Lodge countered with a motion for summary judgment arguing that as an unincorporated association it could not be sued by one of its members. The trial court denied the motion, and the Lodge now appeals contending the trial court erred in so doing. We agree and therefore reverse.

Appellant–Defendant The Benevolent and Protective Order of Elks Local 291 (the Lodge) is an affiliate of a national organization which was incorporated in Washington, D.C. The Lodge is located in Vincennes, Indiana and through its trustees owns a golf course and clubhouse. Appellee–Plaintiff Terry Mooney became a member of the Lodge in February, 1975, and has participated in lodge activities over the years. Mooney is a trained scuba diver, and at the request of a fellow lodge member Mooney dove into a body of water on the Lodge's golf course in order to remove materials clogging an intake pipe. While so doing Mooney suffered personal injuries when an electric pump was activated without warning. Mooney filed a negligence action against the

Lodge, and his wife joined on a loss of consortium claim. After conducting discovery the Lodge filed a motion for summary judgment which the trial court denied. This interlocutory appeal ensued in due course.

On appeal from the denial of a motion for summary judgment we apply the same standard applicable in the trial court. *NIPSCO v. Sell,* 597 N.E.2d 329 (Ind.Ct.App. 1992), *trans. denied.* We must determine whether the record reveals a genuine issue of material fact and whether the trial court correctly applied the law. *Shuamber v. Henderson,* 579 N.E.2d 452, 454 (Ind.1991).

As a general rule a member of an unincorporated association cannot sue the association for the tortious acts of one or more of its members. *Calvary Baptist Church v. Joseph,* 522 N.E.2d 371 (Ind.1988); *Foster v. Purdue University Chapter, The Beta Mu of Beta Theta Pi,* 567 N.E.2d 865 (Ind.Ct.App. 1991), *trans. denied; Maroney v. Fraternal Order of Police Lodge No. 71,* 546 N.E.2d 99 (Ind.Ct.App.1989), *trans. denied.* As the court noted in *Calvary:*

> The theory of the general rule is that the members of an unincorporated association are engaged in a joint enterprise. The negligence of each member in the prosecution of that enterprise is imputable to each and every other member so that the member who has suffered damages through the tortious conduct of another member of the association may not recover from the association for such damage. It would be akin to the person suing himself as each member becomes both a principal and an agent as to all other members for the actions of the group itself.

*Calvary,* 522 N.E.2d at 374–75. Mooney acknowledges this rule but challenges its applicability to the facts of this case. He contends the Lodge is not an unincorporated association. Mooney reaches this conclusion based upon the relationship between the Lodge and the national organization. Specifically he points out that the Lodge collects dues for the national organization; there are no separate dues for membership in the national organization and the local Lodge; the national organization promulgates rules that govern the operation of this and other local Lodges; and the national organization has supervisory authority over the local Lodge. According to Mooney the foregoing facts demonstrate that the national organization is not an entity separate from the Lodge. Rather, Mooney contends, the local Lodge should be considered an extension of the national organization for purposes of imputed corporate existence.

The position Mooney takes is a novel one and represents a case of first impression in this state. Indeed even in other jurisdictions authority on this point is sparse. The word "association" is one of vague meaning used to indicate a collection of persons who have joined together to pursue a common enterprise. *See* 6 Am.Jur.2d, *Associations and Clubs* § 1, at 429 (1963). Although the term "association" is sometimes employed to describe or include a corporation, in strict legal theory a corporate body is entirely different from an unincorporated association. A corporation is an artificial and independent legal entity with an existence separate and distinct from its shareholders and officers. *Winkler v. V.G. Reed & Sons, Inc.,* 638 N.E.2d 1228, 1231–32 (Ind.1994). It is this difference between an independent legal entity deriving its existence from statutory authority versus an aggregate of individuals which distinguishes a corporation from an unincorporated association. *Scott v. Anderson Newspapers, Inc.,* 477 N.E.2d 553, 557–58 (Ind.Ct.App.1985), *trans. denied,* ("A corporation can be created and exist[s] only by virtue of statutory authority, and by that authority alone").

Generally associations formed for the purpose of mutual pecuniary aid to their members or persons dependent on such members are referred to as "beneficial" or "benevolent" associations. *Fullenwider v. Supreme Council, Royal League,* 180 Ill. 621, 54 N.E. 485, 486 (1899); 36 Am.Jur.2d *Fraternal Orders and Benefit Societies* § 1, at 807–09 (1968). Although such associations may be organized according to any one of a number of systems, the majority of them consist of a supreme central or governing body which exercises jurisdiction and control over the various local lodges or other divi-

sional units. *See Supreme Council, of the Royal Arcanum v. Green,* 237 U.S. 531, 534, 35 S.Ct. 724, 725, 59 L.Ed. 1089 (1915); *Thompson v. Supreme Tent, K. of M. of the World,* 189 N.Y. 294, 82 N.E. 141, 142 (1907). Frequently, and in the case before us, the central or governing body of a benevolent association is a corporation organized under the laws of another state. *Supreme Lodge, L.O.M. v. Kenny,* 198 Ala. 332, 73 So. 519, 520 (1916), *cert. denied,* 244 U.S. 652, 37 S.Ct. 650, 61 L.Ed. 1372 (1916); *Thompson,* 82 N.E. at 141. This governing body is authorized to establish local divisions and to grant them what are known as "charters" in the name of the association. *Thompson,* 82 N.E. at 141. The charter granted to a subordinate lodge constitutes a contract between it and the parent organization and may be revoked by the governing body. Often the subordinate lodges are unincorporated, *see generally* 36 Am.Jur.2d *Fraternal Orders and Benefit Societies* §§ 1, 35; 4 ILE *Beneficial Associations* § 1.

▮ In this case Mooney sets forth various characteristics of the relationship between the Lodge and the national organization to support his claim that the Lodge should be considered an incorporated body. However, those characteristics are in fact elements which are common among unincorporated benevolent associations. All the subdivisions of a benevolent association derive their powers from the central or governing body and are subject to its authority. *See, e.g., Kenny,* 73 So. at 521, 523; *Mitchell v. Leech,* 69 S.C. 413, 48 S.E. 290, 291–92 (1904); *Baldwin v. Hosmer,* 101 Mich. 119, 59 N.W. 432, 433 (1894). Thus, ordinarily the governing body is invested with absolute control over the organization of subordinate chapters as well as the right to promulgate legislation, levy assessments, and otherwise collect revenue from subordinate bodies. *Kenny,* 73 So. at 521; *Mitchell,* 48 S.E. at 291–92; *see* 36 Am.Jur.2d *Fraternal Orders and Benefit Societies* § 37, at 835. Further, when a person is initiated into a local lodge, the person becomes a member of the supreme body as well. *See Mitchell,* 48 S.E. at 292. Mooney cites no authority standing for the proposition that because the national organization is incorporated the local should be treated as an extension of the national for purposes of imputed corporate existence. In like fashion our own research reveals no such authority. To the contrary "the state alone can incorporate such an association, and the mere fact that a benevolent organization of a local nature has received a so-called charter from the central or governing body of the fraternity with which it desires to affiliate does not constitute it a corporation." 36 Am.Jur.2d *Fraternal Orders and Benefit Societies* § 7, at 814. Applying the authority cited herein to the facts of this case we must conclude that the Lodge is an unincorporated association subject to the general rule prohibiting suits against the association by its own members.

▮ Mooney counters that even if the Lodge is an unincorporated association, it nevertheless comes within an exception to the general non-liability rule. According to Mooney the Lodge is not an association of the type contemplated by *Calvary* because the group's organizational structure is so elaborate that the Lodge effectively maintains an existence separate from its membership. In support of his position Mooney relies upon the cases considered but not adopted in *Calvary,* 522 N.E.2d at 375. It is true that in *Calvary* our supreme court acknowledged the wisdom of an exception to the general rule "in the case of large unincorporated associations such as labor unions having a hierarchy of structure that drastically changes the relationship of membership to association and the control that a member has in its affairs." *Id.* However, in subsequent cases we have consistently refused to read such an exception into *Calvary. See Foster,* 567 N.E.2d at 871; *Maroney,* 546 N.E.2d at 100. We also refuse to do so in this case.

▮ Finally Mooney maintains he was not a member of the Lodge at the time of his injury and thus is not subject to the general rule barring a member of an unincorporated association from suing the association for the tortious acts of one or more members. In support Mooney cites a portion of the Lodge's bylaws providing that regular Lodge dues must be paid "at least semi-annually in

advance on the first days of April and October" of each year. *Record* at 83. According to Mooney he was not a member of the Lodge at the time of his May 1991 accident because he failed to pay his dues until after the April 1 deadline. However the rules promulgated by the national organization provide that a member is not automatically dismissed from the membership rolls of the lodge for belatedly paying dues. Rather membership is revoked for financial delinquency only after a member's dues have been in arrears for one year or upon a two-thirds majority vote of Lodge members. *Deposition of Douglas Hudson,* Exhibit 1 (Constitution of the Benevolent and Protective Order of Elks of the United States of America, § 179–179(a)). Neither event occurred here. Accordingly, on the date of his injury Mooney was a member of the Lodge and barred from asserting against it a negligence action. The judgment of the trial court is reversed and this cause is remanded with instructions to the trial court to enter summary judgment in favor of the Lodge.

Judgment reversed.

FRIEDLANDER and GARRARD, JJ., concur.