**THE BENEVOLENT AND PROTECTIVE ORDER OF ELKS LOCAL 291, Appellant,**

v.

**Terry MOONEY and Kathy Mooney, Appellees.**

No. 42A05–9502–CV–43.

Supreme Court of Indiana.

Dec. 5, 1996.

Gregory S. Carter, Sacopulos, Johnson, Carter & Sacopulos, Terre Haute, for Appellant.

Matt Parmenter, Sturm, Smith & Parmenter, Vincennes, for Appellees.

Dissenting from the Denial of
Petition to Transfer.

BOEHM, Justice.

I respectfully dissent from the denial of transfer in this case. Because this case comes up on summary judgment we must accept plaintiffs' allegations. They claim that Mr. Mooney was injured by reason of negligence attributable to the local Elks chapter, an unincorporated association, and they also allege that they are without fault. In affirming the trial court's entry of summary judgment against plaintiffs, the Court of Appeals correctly applied controlling precedent ·from this court, *Calvary Baptist Church v. Joseph,* 522 N.E.2d 371 (Ind.1988). As a result, plaintiffs are denied recovery against the Elks lodge of which Mr. Mooney is a member on the ground that the negligence of any actor on behalf of an unincorporated association is imputed to all members of the association. Thus, the reasoning of *Calvary Baptist* goes, any member seeking redress for injuries inflicted by the association would be "suing himself." 522 N.E.2d at 374.

The notion of imputed negligence has been aptly described as having "a very bad name of its own" leading to "a group of quite unreasonable and rather senseless rules." W. KEETON, PROSSER & KEETON ON THE LAW OF TORTS 529 (5th ed.1984). Although many states have seen fit to abolish the doctrine by legislation, the reasons for overruling *Calvary Baptist* are no less persuasive in the absence of a statute. These include: (1) it is inherently unfair to require an injured member, who is one of a number of equally faultless members, to bear a loss incurred as a result of the association's activities; (2) there is no reason to limit the availability of the insurance that associations can, and presumably often do, obtain to avoid unexpected liabilities of the members as a result of exposure to third party claims; and (3) contribution is available to avoid an unjust allocation of any loss as among the members. Some state courts have simply overruled this obsolete fiction. *See, e.g., Cox v. Thee Evergreen Church,* 836 S.W.2d 167 (Tex.1992). Indiana should join them, if not in this case, in the near future.

Since 1970 the trial rules of this state have permitted unincorporated associations to be sued in their own name. Any such suit exposes only the assets of the association, not the members, unless the members are individually joined. Ind. Trial Rule 17(E). In bringing such a suit, the member is not "suing himself" at all. Rather the member seeks recovery from the assets of the association, just as does any third party. If the plaintiff chooses to seek recovery from other members, that too, is permitted procedurally. I believe these plaintiffs and others claiming injury in the course of activities of unincorporated associations should have their day in court. Accordingly, I respectfully dissent.