**Jeffrey STRAYER, as an Individual, Appellant–Plaintiff,**

v.

**COVINGTON CREEK CONDOMINIUM ASSN., Appellee–Defendant.**

No. 02A03–9606–CV–191.

Court of Appeals of Indiana.

April 24, 1997.

timely removal of snow. It was the violation of this contractual duty that Strayer claimed was the direct and proximate cause of his injuries.

On December 8, 1995, the Association filed a motion for summary judgment claiming that in Indiana an unincorporated association could not be sued for negligence by a member of the association. A hearing was held on the motion on March 29, 1996. On May 1, 1996, the trial court granted the Association's motion for summary judgment. Strayer appeals this decision.

Bruce Norman Stier, Logan and Stier, Fort Wayne, for Appellant–Plaintiff.

Mark W. Baeverstad, W. Douglas Lemon, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, for Appellee–Defendant.

## OPINION

GARRARD, Judge.

Jeffrey Strayer ("Strayer") appeals the trial court's grant of Covington Creek Condominium Association's ("Association") motion for summary judgment. He claims the trial court erred by ruling that he could not sue an unincorporated association of which he was a member and in granting summary judgment despite an alleged contractual right to sue.

We affirm.

## FACTS

While walking on a snow covered sidewalk in the common area of the Association on January 5, 1995, Strayer slipped and fell, injuring his ankle. At the time of his accident, Strayer, as an owner of a condominium in the complex, was a member of the unincorporated Association. Strayer filed suit against the Association on October 2, 1995, claiming that the Association negligently failed to properly maintain the sidewalk thereby causing his injuries. The complaint stated that under the Declaration of Horizontal Property Regime ("Contract"), the Association had a contractual duty to maintain the sidewalks in the common area, including the

## ISSUES

Strayer raises four issues on appeal which we consolidate and restate as:

I. Whether the trial court erred by ruling that Strayer could not sue the Association.

II. Whether paragraph 23 of the Contract granted Strayer a right to sue for his injuries.

## DISCUSSION

In our analysis of the trial court's grant of summary judgment, we stand in the same shoes as the trial court. *Oelling v. Rao*, 593 N.E.2d 189, 190 (Ind.1992). We "consider all the designated material, the pleadings, affidavits, depositions, admissions, answers to interrogatories, and testimony, in the light most favorable to the nonmovant to determine whether a genuine issue of material fact remains for resolution by a trier of fact." *United Farm Bureau Mutual Insurance Co. v. Schult*, 602 N.E.2d 173, 174 (Ind.Ct.App. 1992), *reh'g denied*. With this standard in mind, we turn to Strayer's claims.

Strayer claims that the trial court erred in applying the general rule that a member of an unincorporated association cannot sue the association for negligence ("Rule") for two reasons. First, he argues that our supreme court implicitly recognized two exceptions to the Rule in *Calvary Baptist Church v. Joseph*, 522 N.E.2d 371 (Ind.1988), and that these exceptions apply in this case. Second, Strayer argues that the Rule only applies to tort claims against the association and that his negligent breach of contract claim is a

contract claim, not a tort claim. In response, the Association argues that no exceptions to the Rule have been recognized in Indiana and that no matter how Strayer labels his suit, it is simply a slip and fall negligence claim. We agree.

■ Generally, a member of an unincorporated association cannot sue the association for the tortious acts of the association or its members. *Id.* at 374. The theory behind the rule is that the tortious conduct of an association is imputed to every member of an association, so, in essence, a member suing an association for negligence is suing him or her self. Strayer acknowledges this rule, but states that the *Calvary Baptist* court implicitly adopted two exceptions to the general rule when it recognized the wisdom of two California cases [1] that allowed members of large unincorporated associations, such as labor unions, to sue their associations. *Id.* at 375.

In *Calvary Baptist,* the court did recognize the wisdom of the California decisions, but explicitly stated "that no such question was presented in regard to the Calvary Baptist Church and its members." *Id.* at 375. The court then proceeded to apply the Rule and bar Joseph's claim. Contrary to Strayer's assertion, these exceptions have not been adopted in Indiana, *Benevolent and Protective Order of Elks Local 291 v. Mooney,* 666 N.E.2d 970, 973 (Ind.Ct.App.1996), *trans. denied; Maroney v. FOP Lodge No. 71,* 546 N.E.2d 99, 100 (Ind.Ct.App.1989), *reh'g denied, trans. denied,* and we decline Strayer's invitation to adopt them. Because the exceptions discussed in *Calvary Baptist* are not accepted in Indiana, the trial court was correct in not applying them to Strayer's claim.

■ To determine whether the Rule applies to Strayer's claim depends upon whether the claim sounds in tort or in contract. In Indiana, a plaintiff has the option of suing in tort or in contract for the negligent performance of a contractual duty. *Orkin Exterminating Co., Inc. v. Walters,* 466 N.E.2d 55, 58 (Ind.Ct.App.1984), *reh'g denied, trans. de-*

*nied.* Strayer claims that his claim is a breach of contract claim for the Association's failure to maintain the sidewalks as required by the Contract. The Association argues that Strayer is attempting to use the contractually based duty to corrupt a straightforward negligence claim into a contract claim. We agree.

In his complaint, Strayer seeks to recover for his present and future pain and suffering, and medical expenses incurred as a result of his accident. The accident, he claims, was caused by the Association's negligent maintenance of the sidewalks contrary to the Contract. It is true that the Association's duty to maintain the sidewalks was created by the Contract, but this alone does not make Strayer's claim sound in contract. Strayer claims that as a direct and proximate result of the Association's failure to fulfill its contractually created duty he sustained personal injuries. This is a classic negligence claim. *See Webb v. Jarvis,* 575 N.E.2d 992, 995 (Ind.1991), *reh'g denied.* We hold that Strayer's claim for negligent breach of the contract is a tort claim and that the trial court properly ruled Strayer could not sue the Association.

In his second claim of error, Strayer argues that paragraph 23 of the Contract guaranteed him the right to sue for his injuries. The Association argues that paragraph 23 does not give Strayer the right to sue for two reasons. First, the Association argues that paragraph 23 grants members the right to sue for violations of Article VI of the by-laws and that because Strayer has failed to make Article VI part of the appellate record or designate Article VI to the trial court, he may not rely on this paragraph. Second, the Association argues that paragraph 23 only applies to the use and enjoyment of the Homes and because Strayer's injury occurred in a common area, the paragraph is inapplicable. Paragraph 23 of the Contract, entitled "Covenants and Restrictions" states:

The covenants and restrictions applicable to the use and enjoyment of the Homes are set forth in Article VI of the By-laws. These covenants and restrictions are for

---

**1.** *Marshall v. International Longshoremen's and Warehousemen's Union, Local 6, District 1,* 57 Cal.2d 781, 22 Cal.Rptr. 211, 371 P.2d 987 (1962); *White v. Cox,* 17 Cal.App.3d 824, 95 Cal.Rptr. 259 (1971).

the mutual benefit and protection of the present and future Owners and shall run with the land and inure to the benefit of and be enforceable by any Owner, the Co-owners or by the Association. Present or future Owners of the Association shall be entitled to injunctive relief against any violation of these provisions and shall be entitled to damages for any injuries resulting from any violations thereof, but there shall be no right of reversion or forfeiture of title resulting from such violation.

(R. 28).

■ Strayer claims that we should reverse the trial court's grant of summary judgment in favor of the Association because paragraph 23 grants him a right to sue for his injuries. In support of this argument, Strayer relies on Article III of the by-laws which describes the Association's duty to maintain the common areas. As the Association correctly notes, paragraph 23 grants a right to sue for violations of Article VI. Strayer did not designate Article VI to the trial court nor did he include Article VI in the appellate record. "Neither the trial court nor this Court may search the record, and neither may ground its determination on evidentiary matter other than that which the parties designated to the trial court." *Wolf Corp. v. Thompson,* 609 N.E.2d 1170, 1172 (Ind.Ct.App.1993). Because we may not base a decision to reverse on evidentiary matter not designated to the trial court, Strayer's reliance on paragraph 23 for his right to sue for his injuries must fail.

■ Strayer also may not base his right to sue for his personal injuries on paragraph 23 because paragraph 23 pertains only to the use and enjoyment of the Homes, not the common areas. In the Contract, "Home" is defined as "one of the living units constituting COVINGTON CREEK CONDOMINIUM." (R. 12). "Common area" is defined distinctly from "Homes" in the Contract. Strayer's fall occurred in the common area, not in one of the Homes. Because Strayer's injuries did not result from the violation of one of the covenants and restrictions applicable to the use and enjoyment of the Homes, he may not rely on paragraph 23 to justify his suit. We hold that paragraph 23 of the Contract did not grant Strayer the right to sue for his personal injuries. The judgment of the trial court is, therefore, affirmed in its entirety.[2]

Affirmed.

HOFFMAN, J., concurs.

SULLIVAN, J., concurs with separate opinion.

SULLIVAN, Judge, concurring.

I agree with the majority opinion in all respects except as to the conclusion that the "exceptions discussed in *Calvary Baptist* are not accepted in Indiana". *Maj. op.* at 1288. The court in *Calvary Baptist* held that "no such question was presented in regard to the Calvary Baptist Church and its members". 522 N.E.2d at 375. Accordingly, it did not adopt the exceptions employed by the California cases discussed and did not apply those exceptions to the factual situation presented.

In my estimation, however, the court clearly indicated that given the appropriate case it would adopt the exceptions. The court stated in this regard:

"... we recognize the wisdom of applying an exception to the general rule in the case of large unincorporated associations such as labor unions having a hierarchy of structure that drastically changes the relationship of membership to association and the control that a member has in its affairs ..." 522 N.E.2d 371, 375.

In the case before us, the facts indicate that the relationship of member to Association differs from that present in *Calvary Baptist.* Here, the Board of Managers governs and functions separate and apart from the membership. The matter of maintaining common areas, including snow removal, is within the prerogative of the Board who has

---

**2.** Strayer also claims that summary judgment was inappropriate because a genuine issue of material fact existed as to whether the Association had the duty to remove snow from the sidewalks. Because we have found that Strayer may not sue the association for his injuries, any disputes about the merits of the forbidden claim are moot.

delegated that authority to a non-member maintenance supervisor. Therefore, the facts may justify a conclusion that the relationship between individual members and the operating entity, coupled with the relative lack of control exercisable by a member, is such as to make adoption of the California exception appropriate.[3]

The actual adoption of an exception, if not outright rejection of the continuing application of the common law rule, is best left to the highest court of our State. For this reason I concur in the affirmance of the summary judgment.

---

**3.** Under the facts of this case, the California exception would seem to be applicable. *White v.* *Cox* (1971) 17 Cal.App.3d 824, 95 Cal.Rptr. 259.