Ingolf U. BIEREICHEL, Appellant,

v.

Steven SMITH and Local Union No. 8 of the International Brotherhood of Painters and Allied Trades, Appellee.

No. 45A03–9708–CV–265.

Court of Appeals of Indiana.

April 9, 1998.

David P. Jones, Newby, Lewis, Kaminski & Jones, La Porte, for appellant.

Jennifer Kalas, Ruman, Clements, Tobin & Holub, P.C., Hammond, for appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Ingolf U. Biereichel appeals the trial court's grant of summary judgment in favor of Local Union No. 8 of the International Brotherhood of Painters and Allied Trades. The sole issue raised on appeal is whether the trial court erred in applying the general rule that a member of an unincorporated association cannot sue the association for the tortious acts of another member to preclude Biereichel's claim against Local Union No. 8.

We affirm.

### FACTS

In 1994, Ingolf Biereichel was a member of Local Union No. 8, an unincorporated association affiliated with, and chartered by, the International Brotherhood of Painters and Allied Trades. Local Union No. 8 had an office in Lake Station and consisted of approximately 288 members. The general purpose of Local Union No. 8 was to improve the working and living standards of its members, to obtain employment for its members, and to insure that contractors paid members and followed the union agreement.[1] The members elected the union's board of directors, which consisted of a president, a vice-president, a secretary and a treasurer. The membership held monthly meetings, at which time the members in attendance had the right to express their views, arguments, or opinions on matters properly before the meeting.

On March 29, 1994, Biereichel went to Local Union No. 8's office to obtain information regarding work opportunities. After entering the building, Biereichel encountered Steven Smith, who was a union member employed by the union as its business manager/representative.[2] Biereichel and Smith discussed work opportunities, and Smith referred Biereichel to a non-union general contractor. After Biereichel concluded a telephone conversation with the contractor, Biereichel asked Smith for a copy of the union's constitution and bylaws. Smith informed Biereichel that he did not have the key to the closet where the constitution was kept and told Biereichel to leave because the office was closed. The conversation between Biereichel and Smith ended, and Biereichel proceeded to exit the building. After Biereichel exited the doors of the building, Smith jumped on Biereichel's back and knocked

---

1. According to the preamble of Local Union No. 8's constitution, the purpose of the union included: improving the working and living standards of members; securing legislation favorable to members; bringing about higher wages, shorter hours and better working conditions for members; influencing public opinion in favor of affiliated organizations and organized labor; promoting satisfactory contractual relationships with employers in the industries from which members of its affiliates are drawn; advancing and maintaining better relations between members and their employers; and to otherwise enrich the lives of its members. (R. 35).

2. Smith's responsibilities as business manager/representative included the following: securing and organizing work; policing local working agreements; adjusting grievances and complaints; organizing new shops and members; administering the collective bargaining agreements; jobsite visits to determine if contractors are living up to the collective bargaining agreement; and management of day-to-day union affairs.

him to the pavement. Before Biereichel could stand up, Smith kicked him in the head. As a result of the attack, Biereichel spent several months in a coma, suffered severe and permanent injuries, and sustained approximately $450,000 in medical bills.

On March 21, 1995, Biereichel filed his amended complaint against Smith, Local Union No. 8, and the International Brotherhood of Painters and Allied Trades for his injuries as a result of Smith's attack.[3] Local Union No. 8 filed a motion for partial summary judgment based in part on the general rule in Indiana that members of an unincorporated association cannot sue the association for the tortious acts of one or more of its members. After conducting a hearing, the trial court granted Local Union No. 8's motion for partial summary judgment.

### DECISION

■ Biereichel contends that the trial court erred in granting summary judgment in favor of Local Union No. 8. When reviewing a grant of summary judgment, we use the same standard as the trial court: whether the pleadings and evidence demonstrate that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Miller by Miller v. Memorial Hosp. of South Bend, Inc.*, 679 N.E.2d 1329, 1330 (Ind.1997); Ind.Trial Rule 56(C). The appellant bears the burden of proving the trial court erred in determining that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *Rosi v. Business Furniture Corp.*, 615 N.E.2d 431, 434 (Ind.1993). Any doubt as to the existence of an issue of material fact, or an inference to be drawn from the facts, must be resolved in favor of the nonmoving party. *Cowe v. Forum Group, Inc.*, 575 N.E.2d 630, 633 (Ind.1991). A genuine issue of material fact exists when facts concerning an issue which would dispose of the litigation are in dispute or where the undisputed facts are capable of supporting conflicting infer-

ences on such an issue. *Scott v. Bodor, Inc.*, 571 N.E.2d 313, 318 (Ind.Ct.App.1991).

■ Biereichel first contends that labor unions are an exception to the general rule prohibiting a member of an unincorporated association from suing the association for the tortious acts of one or more of its members. In support of this contention, Biereichel directs us to *Hanson v. St. Luke's United Methodist*, 682 N.E.2d 1314 (Ind.Ct.App. 1997) and *Calvary Baptist Church v. Joseph*, 522 N.E.2d 371 (Ind.1988).

In *Hanson*, a panel of this court adopted an exception to the general rule and permitted a church member to sue the church for injuries she sustained in a fall in the parking lot of the church which had 3,800 members, employed a large staff, and was governed by a board of trustees not elected by the general congregation. 682 N.E.2d at 1319–1320. However, our supreme court has granted transfer in *Hanson*, and therefore, that decision does not constitute precedent. Ind.Appellate Rule 11(B).

In *Calvary*, our supreme court stated the general rule in Indiana that members of an unincorporated association cannot sue the association for the tortious acts of one or more of its members. 522 N.E.2d at 374. In explaining the rationale behind the general rule, *Calvary* stated:

> The theory of the general rule is that the members of an unincorporated association are engaged in a joint enterprise. The negligence of each member in the prosecution of that enterprise is imputable to each and every other member so that the member who has suffered damages through the tortious conduct of another member of the association may not recover from the association for such damage. It would be akin to the person suing himself as each member becomes both a principal and an agent as to all other members for the actions of the group itself.

*Id.* at 374–75.

The court noted that some jurisdictions had recognized an exception to this general

**3.** Count I of the amended complaint alleged that Smith, while acting as a business representative and agent of Local No. 8, willfully, maliciously, and without cause or provocation, assaulted and battered Biereichel. Count II alleged that the International Brotherhood of Painters and Allied Trades negligently allowed Smith to remain in a position to harm Biereichel.

rule on a case by case basis to avoid sacrificing reality to theoretical formalism. *Id.* at 375. The court discussed *Marshall v. International Longshoremen's and Warehousemen's Union,* 57 Cal.2d 781, 22 Cal.Rptr. 211, 371 P.2d 987 (1962), wherein the California Supreme Court recognized an exception for large international labor unions, and set out a two-part test: (1) whether the association possesses a separate legal existence from its members, and (2) whether the members retain direct control over the operations of the association. *Id.* The court also discussed *White v. Cox,* 17 Cal.App.3d 824, 95 Cal.Rptr. 259 (1971), wherein the California Court of Appeals looked to the nature of the association, to the applicable statutory scheme, and to the role of the members in the association as compared with a corporation when it created an exception to the general rule of non-liability. *Id.*

Although *Calvary* did "recognize the wisdom of applying an exception to the general rule in the case of large unincorporated associations such as labor unions having a hierarchy of structure that drastically changes the relationship and the control that a member has in its affairs," it declined to adopt an exception where the circumstances presented in the case did not warrant it. *Id.* The court then proceeded to apply the general rule and bar a member of a small, community church who had been injured when he fell off a ladder while repairing the church's roof from suing the church. *Id.*

In subsequent cases, we have repeatedly concluded that *Calvary* did not adopt an exception to the general rule in Indiana, but merely recognized the wisdom of possibly applying an exception in the case of large unincorporated associations such as labor unions. *See, e.g., Strayer v. Covington Creek Condominium Ass'n.,* 678 N.E.2d 1286 (Ind. Ct.App.1997); *Benevolent and Protective Order of Elks Local 291 v. Mooney,* 666 N.E.2d 970, 973 (Ind.Ct.App.1996), *trans. denied* 673 N.E.2d 766 (Boehm, J., dissenting); *Foster v.*

*Purdue University, The Beta Mu of Beta Theta Pi,* 567 N.E.2d 865, 871 (Ind.Ct.App. 1991); *Maroney v. FOP Lodge No. 71,* 546 N.E.2d 99, 100 (Ind.Ct.App.1989), *reh'g denied, trans. denied.* Therefore, contrary to Biereichel's contention, labor unions have never been recognized, per se, as an exception to the general rule in Indiana.

Nevertheless, Biereichel asserts that the trial court should have applied the exception discussed in *Calvary.* He argues that Local Union No. 8's elaborate hierarchy, organizational structure, and corporate-like existence excepts it from the general rule. This court has uniformly declined invitations to adopt an exception to the general rule of non-liability. *See Strayer, supra; Mooney, supra; Maroney, supra; Foster, supra.* Even assuming the facts of this case may justify considering an exception to the general rule, we believe that any abrogation of the general rule expressed in *Calvary* is best left to the highest court of our State. *See Strayer,* 678 N.E.2d at 1290 (Sullivan, J., concurring with separate opinion). The trial court did not error in refusing to apply an exception to the general rule.[4]

Biereichel further suggests that application of the general rule as expressed by *Calvary* requires that the members of the unincorporated association be engaged in a group activity or a joint enterprise when the injury occurs for the general rule to apply. Biereichel then argues that because Smith was not engaged in a group activity or joint enterprise when Smith attacked him, the general rule does not apply and summary judgment must be reversed. However, *Calvary* did not set out any such requirement for application of the general rule, and therefore this argument must fail.

Finally, Biereichel argues that the trial court erred in entering summary judgment because a genuine issue of material fact exists as to whether Smith's acts were intentional or negligent. Biereichel asserts that

---

4. Citing *Hanson* and *Benevolent and Protective Order of Elks Local 291 v. Mooney,* 673 N.E.2d 766 (Ind.1996) (Boehm, J., dissenting from denial of transfer), Biereichel also notes that the general rule announced in *Calvary* has been the subject of much criticism in recent years. He

then argues that "[m]embers of unincorporated associations should be permitted to maintain lawsuits against unincorporated associations for injuries." Appellant's Brief at 22. As an intermediate court, however, we are unable to address the vitality of the general rule.

the general rule in *Calvary* does not apply to intentional acts. However, Biereichel fails to support this contention with a cogent argument and citation to relevant authority. Thus, consideration of this argument has been waived. Ind.Appellate Rule 8.3(A)(7); *Huff v. Langman,* 646 N.E.2d 730, 732 (Ind. Ct.App.1995).

We therefore conclude that the trial court did not error in applying the general rule that a member of an unincorporated association cannot sue the association for tortious acts of one or more of its members.

We affirm.

STATON and GARRARD, JJ., concur.