ATTORNEY FOR APPELLANT
 
ATTORNEYS FOR APPELLEE, 

STEVEN SMITH

David P. Jones

LaPorte, Indiana Michael P. Blaize

Valparaiso, Indiana

Nick J. Thiros

Merrillville, Indiana

ATTORNEY FOR APPELLEE

LOCAL UNION NO. 8 OF THE INTERNATIONAL BROTHERHOOD OF PAINTERS AND ALLIED TRADES

Jennifer Kalas

Hammond, Indiana

IN THE

SUPREME COURT OF INDIANA

INGOLF U. BIEREICHEL, )

)

Appellant (Plaintiff Below), )  45S03-9812-CV-815

)  in the Supreme Court

v. )  

)  45A03-9708-CV-265

STEVEN SMITH AND LOCAL UNION       )  in the Court of Appeals 

NO. 8 OF THE INTERNATIONAL         )

BROTHERHOOD OF PAINTERS AND        )

ALLIED TRADES, )

)

Appellees (Defendants Below). )

APPEAL FROM THE LAKE SUPERIOR COURT

The Honorable E. Duane Daugherty, Special Judge

Cause No. 45D01-9404-CT-402

December 23, 1998

SHEPARD, Chief Justice.

Appellant Ingolf Biereichel challenges the trial court's grant of partial summary judgment in favor of defendant Local Union No. 8 of the International Brotherhood of Painters and Allied Trades. We reverse.

Procedural Posture and Relevant Facts

On March 21, 1995, Biereichel sued Steven Smith, the International Brotherhood of Painters and Allied Trades, and Local Union No. 8 for injuries suffered from an alleged altercation between Biereichel and Smith.
(footnote: 1)  Local Union No. 8 filed a motion for partial summary judgment, which the trial court granted.  Biereichel appealed that decision, and the Court of Appeals affirmed.  
Biereichel v. Smith
, 693 N.E.2d 634, 635 (Ind. Ct. App. 1998).  Biereichel then sought transfer. 

Decision

The trial and appellate courts in this case based their rulings on the then-existing common law rule of 
Calvary Baptist Church v. Joseph
, 522 N.E.2d 371 (Ind. 1988).  
See
 (R. at 158-62); 
Biereichel
, 693 N.E.2d at 636-38.  
Calvary
 stood for the proposition that a member of an unincorporated association could not maintain an action against the association itself for a tort committed by another member.  522 N.E.2d at 372-75.  We have today abrogated the former common law rule in the case of 
Hanson v. Saint Luke's United Methodist Church
, No. 49S02-9804-CV-228 (Ind. Dec. 22, 1998), and we now allow such suits.  In the wake of 
Hanson
, the grant of partial summary judgment in favor of Local Union No. 8 on the grounds of the common law rule is no longer justified.

Conclusion

We grant transfer and reverse the partial summary judgment granted in favor of Local Union No. 8.  We remand to the trial court for proceedings on the merits.    

Dickson, Sullivan, Selby, and Boehm, JJ., concur.

FOOTNOTES
1: Though Biereichel's initial complaint also included 
Steven Smith and the International Brotherhood of Painters and Allied Trades
, only Local Union No. 8 is a party to this appeal.